IN THE MATTER OF J. A. HARRIS, Petitioner.

1. *Habeas corpus, constitutionality of law should not be tested by in the Supreme Court.*—Where one has been arrested and detained on legal process by a court having jurisdiction of the person and the offense, is in custody of the proper officer, and by virtue of a provision of the law, this court will not, on a writ of *habeas corpus,* inquire into the constitutionality of the law under which he was arrested. He should test the validity of that question by means of trial in the appropriate court.

## Petition for Habeas Corpus.

*Baker*, for petitioner.

*Chas. P. Johnson*, and *H. B. Johnson*, Attorney-General, for State.

WAGNER, Judge, delivered the opinion of the court.

The petitioner is brought into the court on a writ of *habeas corpus*, and alleges that he is unlawfully imprisoned and detained by L. B. Hutchinson, acting sheriff of Newton county, and therefore asks to be discharged.

It seems from the petition and the return made thereto that the petitioner was arrested on complaint and affidavit made for violating an act to prevent the introduction into this State of Texas, Mexican, or Indian cattle during certain seasons of the year, approved February 26, 1869. The papers are all in due form, and the arrest properly made in compliance with the act. The only ground urged for the discharge of the prisoner is that the law is unconstitutional and void, and that, therefore, he ought not to be detained.

The statutory provision on the subject is that "if it appears that the prisoner is in custody by virtue of process from any court legally constituted, or issued by any officer in the service of judicial proceedings before him, such prisoner can only be discharged in one of the following cases: first, where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum, or person; second, where, though the original imprisonment was lawful, yet by some act, omission, or event which has taken place

afterward, the party has become entitled to be discharged; third, where the process is defective in some matter of substance required by law, rendering such process void; fourth, where the process, though in proper form, has been issued in a case or under circumstances not allowed by law; fifth, where the process, though in proper form, has been issued or executed by a person who is not authorized by law to issue or execute the same, or where the person having the custody of such prisoner under such process is not the person empowered by law to detain him; sixth, where the process is not authorized by any judgment, order, or decree, nor by any provision of law." (Wagn. Stat. 690, § 35.)

To entitle a prisoner to be discharged on *habeas corpus*, he must come within one of the above enumerated specifications, and the petitioner here falls within neither. He was arrested and detained upon legal process by a court having jurisdiction of the person and the offense; he is in custody of the proper officer, and by virtue of a provision of the law.

The law to prevent the introduction of Texas cattle into the State during certain periods of the year was intended as a police and sanitary regulation, and whether the Legislature exceeded its powers in the passage of that law, we will not inquire in this proceeding. The petitioner can have his trial, and if he is dissatisfied with the verdict and judgment, and desires to test the validity of the law, the courts are open to him, as they are to all other persons charged with the violation of the laws of the land.

Admit this proceeding, and then every person charged with committing an offense of every kind and description whatsoever, instead of standing his trial and litigating the matter as the law directs, can come here and ask our advice as to the validity of the law under which he is arraigned. Such a precedent can not be established, and the Legislature clearly saw the impolicy of the proceeding when it placed a prohibition upon it.

With the concurrence of the other judges, the prisoner will be remanded to the custody of the sheriff of Newton county.