PATRICK O'MALIA *vs.* EBEN WENTWORTH.

Cumberland, November 4, 1875.—June 13, 1876.

*Truancy. Habeas Corpus. Complaint.*

The municipal court of the city of Portland has jurisdiction of the offense of truancy.

The warrant for the arrest of a truant may be served by a truant officer.

The sentence for truancy may be to the reform school; and the alternative sentence required by the statute may be to the house of correction.

Execution of the sentence may be delayed for such reasonable time as the court thinks proper, as such delay will only shorten the term of imprisonment, all sentences to the reform school being during minority.

Complaints made to the municipal court of the city of Portland need not contain a recital of the city by-laws on which they are founded.

An application for a writ of *habeas corpus*, to obtain the release of one imprisoned on criminal process, is addressed to the sound discretion of the court; and the writ will not be granted unless the real and substantial merits of the case demand it. And in examining to see whether the imprisonment is or is not illegal, the court will not, as a rule, look beyond the precept on which the prisoner is detained. The writ will not be granted for defects in matters of form only; nor can it be used as a substitute for an appeal, a plea in abatement, a motion to quash, or a writ of error.

ON EXCEPTIONS from the superior court.

ON PETITION for habeas corpus by the plaintiff, a minor under sentence of confinement in the reform school against the superintendent thereof.

The justice of the superior court ruled *pro forma*, denying the right of the petitioner to discharge, and the petitioner excepted.

*C. E. Clifford & W. H. Clifford*, for the petitioner.

*C. F. Libby*, for the defendant.

WALTON, J.   This is an application for a writ of *habeas corpus* to obtain the release of Patrick O'Malia, now detained at the reform school in Cape Elizabeth, for truancy.

I. It is claimed that his detention is illegal because the warrant on which he was originally arrested and brought before the municipal court for trial, was served by a truant officer. We think the truant officer was the proper person to make the arrest. Truant officers alone are to make complaints and execute the judgments of the court. R. S., c. 11, § 14. We think the word "judgments," as here used, is not limited to the sentence, or final decree in the case; we think it is used in a broader sense, and includes an interlocutory as well as a final judgment; the determination to have the truant arrested and brought to trial, as well as the determination to send him to the reform school. Surely, it could never have been the intention of the legislature to employ two officers in so small a business, one to arrest the truant, and another to commit him.

II. The detention is claimed to be illegal, because the offense of truancy is not sufficiently described in the complaint and warrant. We cannot look at the complaint and warrant. We can only examine the precept by which he is detained. If on inspection thereof, he appears to be lawfully imprisoned, or restrained of his liberty, the writ must be denied. R. S., c. 99, § 8.

III. Another objection to the complaint is that, it does not contain a recital of the city ordinance on which the prosecution is founded. The same answer lies to this objection as to the one just considered. We cannot look at the complaint to see whether it is sufficiently formal or not. And another sufficient answer is that, the act establishing the municipal court of the city of Portland expressly declares that in prosecutions on the by-laws thereof, such by-laws need not be recited in the complaint. Act of 1856, c. 204, § 4.

IV. Another objection to the legality of the imprisonment is that it should have commenced earlier. It appears that execution of the sentence was suspended "upon the good behavior of the respondent," and that he was not actually committed to the reform school till nearly a year after the sentence was passed. We think his present imprisonment cannot be held to be illegal simply because it ought to have commenced earlier. As all sentences to the reform school are during minority, the delay could not operate to the prejudice of the petitioner. It only made his imprisonment so much the shorter.

V. Another objection is that there is a variance between the mittimus and the complaint and warrant; that the mittimus contains an averment that the accused was a boy between the ages of eight and sixteen years, while the complaint and warrant contain no such averment. The mittimus is correct. Every commitment to the reform school should contain such an averment; for it is only boys between those ages that can legally be sent to the reform school. And as already stated, we cannot look at the complaint and warrant to see whether they contain this averment or not. We can only look at the mittimus.

VI. Another objection is that the alternative sentence was illegal. The alternative sentence was thirty days in the house of cor-

rection.  It is claimed that it should have been a fine of twenty
dollars.  As the boy was actually received at the reform school,
and is there now, it is not important to inquire whether imprison-
ment, in the house of correction would or would not have been
legal.  The statutes and by-laws bearing upon the question are
somewhat obscure.  But we have carefully examined the question
and we are satisfied that the alternative sentence was authorized.

We have now examined all the grounds on which it is claimed
that the petitioner's detention at the reform school is illegal.  In
our judgment none of them are sufficient to justify his release.  It
was long ago settled that persons imprisoned on criminal process
are not to be released on *habeas corpus* for defects in matters of
form only.  The writ cannot be used as a substitute for a plea
in abatement, a motion to quash, or a writ of error.  Nor can it
be substituted for an appeal.  An application for the writ is
addressed to the sound discretion of the court; and the writ will
not be granted unless the real and substantial justice of the case
demands it.                              *Exceptions overruled.*
                                         *Writ denied.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS,
JJ., concurred.