[No. 10,208.]

## EX PARTE GRANICE.

AUTHORITY OF DISTRICT COURT.—The District Court has jurisdiction to make an order holding accused persons to answer to a criminal charge.

HABEAS CORPUS.—The questions, whether an order holding an accused person to answer on a criminal charge is erroneous, or was irregularly entered, cannot be considered on an application for the discharge of the accused on habeas corpus.

APPLICATION to the Supreme Court for the discharge of H. H. Granice from imprisonment, on a writ of habeas corpus.

Granice was indicted by the grand jury of Fresno County for killing one Madden. On his trial in the District Court he offered to prove that interpolations had been made in the indictment, and moved to strike out the portions interpolated. The court denied the motion, and he was convicted, and appealed. The Supreme Court granted a new trial for this error. The case is reported in 50 Cal. 447. On the second trial, the court, on motion of the prosecution, struck out the parts of the indictment which had been interpolated. After both the prosecution and defense had introduced their evidence, the district attorney moved the court that the jury be discharged from the further consideration of the case, on the ground that it appeared from the evidence that an offense of a higher nature than that charged in the indictment had been committed. The indictment, as it then stood, was for manslaughter. The court granted the motion, and made an order that the defendant be committed to answer any indictment which might be found against him for murder. The defendant was detained in the jail of Fresno County by the sheriff of that county.

*B. McKinne,* for the Petitioner.

By the Court, WALLACE, C. J.:

The order under which the prisoner is detained in custody directs that he be held to answer to any indictment found against him for the murder of Edward Madden; the order

was made by the District Court, the judge of which court is a *magistrate* vested with authority to hold accused persons to answer (Penal Code, Secs. 808–874), and was entered after hearing the evidence touching the alleged killing of Madden by the prisoner. Whether the order was irregularly entered, was erroneous, or what defense or advantage it may possibly afford the prisoner, should he be again put upon his trial for the killing of Madden, are questions which it is not the office of a writ of *habeas corpus* to present for our consideration. "The writ of *habeas corpus*," as well observed here in *Ex parte McCullough*, "has not been given for the purpose of reviewing judgments or orders made by a court or judge, or officer acting within their jurisdiction. To put it to such a use would be to convert it into a writ of error," etc. (35 Cal. 100.)

It results that the prisoner must be remanded, and it is so ordered.

Mr. Justice CROCKETT did not express an opinion.