### Barnes Parker *v.* The State.

1 Habeas Corpus. — Neither the sufficiency nor validity of an indictment, nor the constitutionality of a law upon which an indictment is based, are questions which can be appropriately presented by or through the writ of *habeas corpus.* Before indictment, the rule seems to be otherwise.

2. Bail. — The courts are not authorized to discharge a defendant without bail after an indictment has been found.

Appeal from the District Court of Burnet. Tried below before the Hon. W. A. Blackburn.

The opinion sufficiently discloses the case.

*B. Coopwood*, for the appellant. The application for the writ states unlawful restraint, setting out four pretended indictments, and the *capiases* in each case, as the authority under color of which appellant is so restrained, and avers that neither of these indictments charges any offence.

The sheriff's return sets up the same *capiases*.

On the hearing, appellant read in evidence, without objection, each of the four original indictments, to show that no offence was charged, and then offered in evidence the original deed upon which the indictments are based, offering to prove that the same was the act of W. T. Bacon,

therein named and described as the grantor; which was objected to by the State on the ground of irrelevancy, and the objection sustained.

Appellant then offered in evidence the two land certificates, upon the filing of which the other two indictments are based, offering to prove that they were legal and genuine; which was objected to on the ground of irrelevancy, and the objection sustained.

Judgment was rendered remanding, with bail fixed at $2,500 in each of the four cases.

The indictment in one case charges the uttering of a deed, setting it out, and that in another charges that appellant encouraged and advised W. T. Bacon to make this deed; and neither of these indictments avers that it purports to to be the act of another, but they both allege he executed it, "transferring and conveying" the land, and neither negating his right so to do.

Each of the other two indictments alleges a file, location, and demand for survey, setting it out, made by virtue of a land certificate issued by the commissioner of the land office, and alleges a prior appropriation of the land so filed on, by a certificate issued on May 10, 1840.

The indictment must be for an offence known to law. *White* v. *The State*, 22 Texas, 608; *The State* v. *Houston*, 12 Texas, 245; *Hewett* v. *The State*, 25 Texas, 725.

And the statute cannot be extended to cases not plainly and unmistakably within its terms. *Shanks* v. *The State*, 25 Texas Supp. 340; *United States* v. *Morris*, 14 Pet. 694; *United States* v. *Williams*, 5 Wheat. 76; *United States* v. *Sheldon*, 2 Wheat. 119; *United States* v. *Clayton*, 2 Dill. 219; 6 Wall. 397.

The act of July 28, 1876, does not change or affect the definition of forgery. *Ham* v. *The State*, 4 Texas Ct. App. 645.

There was no tribunal with authority to issue land certifi-

cates in Texas on May 10, 1840, and such issued then are mere nullities.    Pasc. Dig., art. 4133 ; *Linn* v. *The State*, 2 Texas, 319 ; Const. 1845, art. 11, sec. 1 ; Const. 1876, art. 13, sec. 5, and art. 16, sec. 18.

The power to require bail is not to be used in such manner as to make it an instrument of oppression ; and the nature of the offence and the circumstances under which it was committed are to be considered.    Pasc. Dig., art. 2740.

There being no offence whatever charged against appellant, the pretended indictments are not such in law or fact. Pasc. Dig., art. 2862 ; *Hewett* v. *The State*, 25 Texas, 724.

Appellant having been incarcerated ever since October, 1878, under such unprecedented circumstances of oppression, it is believed this court will not hesitate to discharge him.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.    It is alleged in the application for the writ of *habeas corpus* that petitioner is illegally restrained in his liberty, under four several charges of the supposed crime of forgery, and as the process by virtue of which he is held, he sets out as exhibits four indictments and the four *capiases* executed upon him.

Though not directly alleged, it is very apparent from the whole proceedings had in the court below, and from appellant's brief, that the main object sought was the discharge of the applicant upon the ground that the indictments were insufficient and invalid, and did not charge any offence against the law.    In other words, the position assumed is that, the indictments being invalid, their invalidity can be inquired of ; and, if so found, the party indicted can be discharged without bail, by means of the writ of *habeas corpus*.

Our statute expressly provides, in *habeas corpus* proceedings, "that no defendant shall be discharged after indictment, without bail." Pasc. Dig., art. 2627.

In *Ex parte Parks*, 93 U. S. 18, it is said: "It would be an assumption of authority for this court, by means of the writ of *habeas corpus*, to review every case in which the defendant attempts to controvert the criminality of the offence charged in the indictment."

In the *Matter of Harris*, 47 Mo. 164, it was held that "where one who has been arrested and detained on legal process, by a court having jurisdiction of the person and the offence, is in custody of the proper officer, and by virtue of a provision of the law, this court will not, on a writ of *habeas corpus*, inquire into the constitutionality of the law under which he was arrested. He should test the validity of that question by means of trial in the appropriate court." It was said in that case: "Admit this proceeding, and then every person charged with committing an offence, of every kind and description whatsoever, instead of standing his trial and litigating the matter as the law directs, can come here and ask our advice as to the validity of the law under which he was arraigned. Such a precedent cannot be established." 47 Mo. 165. See also *Ex parte Granice*, 51 Cal. 375.

In *Ex parte Whitaker*, the Supreme Court of Alabama held that "a party in custody under a defective indictment will not be discharged on *habeas corpus*, in vacation, because of the insufficiency of the indictment." 43 Ala. 323; *Omalia* v. *Wentworth*, 65 Me. 129.

In the *Matter of Prime*, 1 Barb. 340, the court held that "the writ of *habeas corpus* is not intended to review the regularity of the proceedings in any case, but rather to restore to his liberty the citizen who is imprisoned without color of law."

In *The People* v. *Martin*, 1 Park. Cr. 187, it was held

that in criminal cases, where an indictment was found, the court or officer granting the writ of *habeas corpus* cannot go behind the indictment, because there is no means of ascertaining upon what the indictment was founded. See also *Matter of Underwood*, 30 Mich. 502.

Before indictment found, the rule seems to be different. In such cases the constitutionality of the law under which the party is held may be the subject of judicial investigation and determination, by means of the writ of *habeas corpus*. Without wishing to be understood as indorsing or concurring in the opinion of the court in the case of *Ex parte Rodriguez*, 39 Texas, 705, we cite that case as one in which the authorities upon this latter proposition may be found collated.

We are of opinion that neither the sufficiency or validity of an indictment, nor the constitutionality of a law upon which an indictment is based, are questions which can be appropriately presented by and through the writ of *habeas corpus*. And, as we have seen, our statute expressly inhibits the discharge of a defendant without bail, after indictment. Pasc. Dig., art. 2627; *Hernandez* v. *The State*, 4 Texas Ct. App. 425.

This disposes of the questions shown by the record. The application is not framed under the statute, so as to submit for determination the question as to whether or not the bail is excessive. Pasc. Dig., art. 2608.

The judgment of the lower court remanding the applicant into custody, in default of his giving bail in the sums fixed by the court, is affirmed, and it is further ordered that the appellant pay all costs of this proceeding.

*Ordered accordingly.*