*Ex Parte* BOENNINGHAUSEN.

**Habeas Corpus :** CONSTITUTIONALITY OF LAW. Where one is de-
tained on legal process, issued by a court having jurisdiction of
the person and the offence, and is in the custody of the proper
officer, and by virtue of a provision of law, the writ of *habeas
corpus* will not lie to test the constitutionality of the law under
which he was convicted.

*Habeas Corpus.*

PRISONER REMANDED.

*L. A. Steber* for petitioner.

(1) *Habeas corpus* is the proper remedy where one
is convicted and imprisoned under an unconstitutional
law, or where the trial court had no jurisdiction ; the
process is void. *Ex parte Rollins*, 20 Va. Rep. 765 ;
Cooley's Const. Lim. [4 Ed.] 431, 348, see note 1 ; *Ex-
parte Snyder*, 64 Mo. 58 ; " *The Kuklux*" *Cases*, 4 Sup.
Ct. Rep. 153 ; *People ex rel. v. Warden*, 2 N. E. Rep.
870 ; *In re Wong Yung Quy*, 6 Sawyer, 237. And it
makes no difference whether the proceedings, if void,
are civil or criminal. *Ex parte Rollins*, 20 Va. Rep.
765. (2) This court has not only the right, but it is its
imperative duty to take jurisdiction in this case. *In re
McDonald*, 19 Mo. App. 370 ; *Ex parte Jilz*, 64 Mo.
205 ; *Ex parte Snyder*, 64 Mo. 58 ; *Ex parte Bethurum*,
66 Mo. 545 ; *Ex parte Kearney*, 55 Cal. 212 ; *People ex
rel. Tweed v. Liscomb*, 60 N. Y. 559, *et seq. ; People ex
rel. v. Warden*, 2 N. E. Rep. 870, 872 ; *In re Wong
Yung Quy*, 6 Sawyer, 237. (3) *Ex parte Bowler*, 16
Mo. App. 14, and *Ex parte Boenninghausen*, 21 Mo.
App. 267, are founded on the authority of *In re Harris*,
47 Mo. 164, which is no longer law in this state. The

law is correctly laid down in *Ex parte Slater*, 72 Mo. 102; *Ex parte Crenshaw*, 80 Mo. 447; *Ex parte Mc-Donald*, 19 Mo. App. 370. The court of appeals of Texas, in a similar manner, has overruled the earlier decisions in that state. *Ex parte Mato*, 19 Tex. Ct. of App. 112, 116; *Ex parte Siebold*, 100 U. S. 371, 376, 377.

*Leverett Bell contra.*

The petitioner is detained by an execution issued upon the final judgment of a court of competent jurisdiction. *Ex parte Hollwedell*, 74 Mo. 395. He is in custody by virtue of process from a court legally constituted, and he is not within any one of the six exceptions mentioned in section 2650. He should, therefore, be remanded. He cannot be permitted to test the validity of the law prescribing his offence, by means of a writ of *habeas corpus*. *Ex parte Harris*, 47 Mo. 164.

NORTON, J.—The prisoner was prosecuted in the first district police court of the city of St. Louis, for the violation of sections 10 and 11, of article 8, of chapter 14, of the revised ordinances of said city, which sections, in words and figures, are as follows:

" Section 10. The maintenance of cow stables, or other conveniences, for the purpose of carrying on a dairy business, within the city limits, shall be exercised only under the supervision of the board of health, who may condemn such conveniences, or stables, as a nuisance, if not kept in a cleanly manner; and, upon such condemnation, said stables, or conveniences, shall be vacated forthwith, and shall not again be used for dairy purposes without permission of the board of health; provided, that no such stable, or convenience, shall be maintained in any block of the city without the written consent of a majority of the property owners of such

block; provided, further, that any person or persons maintaining such stable, or convenience, within the city limits, shall comply, strictly, with all regulations framed by the board of health, and shall not feed to his or their animals, any swill or other deleterious food.

"Section 11. Any party violating the foregoing section shall be deemed guilty of a misdemeanor, and be fined in a sum not less than fifty dollars, nor more than five hundred dollars."

The complaint filed against him, under this ordinance, was, that he "maintained a cow stable, and other convenience, in city block number 1550, without the written consent of a majority of the property owners of such block." The prisoner was tried, found guilty, and fined fifty dollars and costs of court, and on failing to pay the same, his person was seized by the city marshal of the said city of St. Louis, and the prisoner was about to be conveyed to the city workhouse of the city of St. Louis, when the St. Louis court of appeals, on application made the same day, issued its writ of *habeas corpus*, and the prisoner was produced before it. That court, after a hearing, remanded the prisoner. See case reported in 21 Mo. App. 267. The city marshal aforesaid then obtained an *alias* execution from the said police court aforesaid, and had again seized the person of the prisoner, and was about to convey him to the keeper of the St. Louis city workhouse, when further proceedings were arrested by the issuance of the writ of *habeas corpus* from this court.

It appears from the return that the prisoner is in custody by virtue of process from a legally constituted court, and, in such case, it is provided, by section 2650, that the prisoner can only be discharged in one of the following cases: "First, when the jurisdiction of such court and officer has been exceeded, either as to matter, place, sum, or person; second, where, though the original imprisonment was lawful, yet, by some act, omis-

sion, or event, which has taken place afterwards, the party has become entitled to be discharged ; third, when the process is defective in some matter of substance, required by law, rendering such process void ; fourth, when the process, though in proper form, has been issued in a case or under circumstances not allowed by law ; fifth, when the process, though in proper form, has been issued or executed by a person who is not authorized by law to issue or execute the same, or when the person having the custody of such prisoner, under such process, is not the person empowered, by law, to detain him ; sixth, when the process is not authorized by any judgment, or order, or decree, nor by any provision of law."

*In re Harris*, 47 Mo. 164, where it was sought to discharge the prisoner on the sole ground that the law under which he was arrested was unconstitutional, it was said that the case of the prisoner did not fall within any of the enumerated specifications of the act authorizing his discharge, and that when a prisoner has been arrested on legal process, by a court having jurisdiction of the person and offence, and is in custody of the proper officer, and by virtue of a provision of law, this court will not, on a writ of *habeas corpus*, inquire into the constitutionality of the law under which he was arrested. In the case before us, the prisoner is sought to be discharged on the sole ground that the ordinance under which he was arrested, and for the violation of which he is in custody, is unconstitutional, and following the case of *In re Harris*, we must hold, as was there held, that we will not inquire into the constitutionality of the ordinance, and. remand the prisoner.

It is claimed by counsel that *In re Harris, supra,* has been overruled by the cases of *Ex parte Slater*, 72 Mo. 102, and *Ex parte Bethurum*, 66 Mo. 545. In the case of Slater, he was discharged because it appeared on the face of the proceedings that the jurisdiction was ex-

ceeded as to place, which falls directly within the first class enumerated in the statute authorizing the discharge of a prisoner. In the case of Bethurum, the jurisdiction of the court was exceeded as to matter. In the case of *Ex parte Crenshaw*, 80 Mo. 447, it was exceeded as to sum or amount of punishment. *In re Snyder*, 64 Mo. 58, the prisoner was held under the process of a court which had no existence. The same question involved in this case was presented in the case of *Ex parte Bowler*, 16 Mo. App. 14, when the ruling of this court in the case of *In re Harris*, *supra*, was followed in an elaborate opinion of Bakewell, J., in which the leading cases to which we have been cited by prisoner's counsel, including the case of *Ex parte Siebold*, 100 U. S. 371, are commented upon.

The judgment of the court is that the prisoner be, and he is, hereby, remanded. All concur except Sherwood, J., who dissents, and Henry, C. J., who is absent.