CITY OF PASCAGOULA v. ROGERS.

(Division B.   Nov. 7, 1938.)

[184 So. 433.   No. 33354.]

Ford & Ford, of Pascagoula, for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

On the 13th day of July, 1936, affidavit was made before the clerk of the police court of the city of Pascagoula, charging that "Bruno Rogers, Lawrence Cropp and Jesse Allen, in the city of Pascagoula, on or about the 12 day of July, 1936, did violate Ordinance No. 20-1923 to wit: Speeding and reckless driving, and operating automobile while under the influence of intoxicating liquor, against the peace and dignity of the City of Pascagoula and State of Mississippi. (Signed) C. F. Hudson, V. P. DeJean, Clerk."

The case was tried before the mayor on a plea of not guilty, and the defendant was fined $100; from which

sentence Rogers appealed to the Circuit Court, in which court the city moved to amend the affidavit on file by striking therefrom the following: ''Speeding and reckless driving, and operating automobile while under the influence of intoxicating liquor, against the peace and dignity,'' etc., substituting therefor, ''By operating a motor vehicle on Pascagoula street and the Beach Boulevard in the said City of Pascagoula, the same being public streets in said city and within the corporate limits thereof at a rate of speed in excess of fifteen miles an hour.'' The Circuit judge sustained the motion, whereupon the defendant demurred to the affidavit, on the ground that it did not charge violation of law or of any city ordinance; and contended that it is not a violation of any city ordinance to operate any motor vehicle at a rate of speed in excess of fifteen miles per hour. The court sustained the demurrer, whereupon the appellant requested leave to amend the affidavit, as amended, and on file; changing the words, ''fifteen miles per hour,'' to ''thirty miles per hour.'' The motion was overruled by the court, the charge dismissed, and the defendant discharged; from which order this appeal is prosecuted.

Neither the Circuit Court nor this Court takes judicial notice of a municipal ordinance, and no ordinance is embraced in the motion to amend the last affidavit, showing that the city had an ordinance covering the subject sought to be charged in the amended affidavit. It is here argued that the proper time in the trial had not been reached for the introduction of the ordinance, and consequently the motion should have been sustained; that the court erred in not doing so.

When the city instituted the prosecution against the defendant, it charged violation of an ordinance by number, but the substance of the ordinance was not alleged. It is presumed that the officer preferring charges knows the facts, and that the affidavit made by him charges the facts which violate the alleged ordinance. While it is permissible to amend an affidavit made on the trial de

novo in the Circuit Court, the motion to amend should either set forth the ordinance in haec verba, or by sufficient allegations to show the substance of the ordinance, and what acts were intended to be prohibited by it. In the present case the motion did not do this, and the court is not required to sustain the motion to amend until it appears to the court that the affidavit, as amended, would charge an offense upon an ordinance enacted by the city.

The city had the opportunity to amend, and failed to set forth the violation of any ordinance in the said charge; and the court is not required, in the absence of a showing by the city as to the ordinance, violation of which it intends to charge, to sustain a motion to amend an affidavit filed.

It follows that the judgment of the court below is affirmed.

Affirmed.