Rockingham,
No. 4242.

STATE *v.* RUSSELL J. MICHAUD.

Argued October 7, 1953.

Decided November 30, 1953.

*Louis C. Wyman* Attorney General, *George F. Nelson,* Assistant
Attorney General and *Lindsey R. Brigham,* County Solicitor (*Mr.
Nelson* orally), for the State.

*John B. Ford* (by brief and orally), for the respondent.

LAMPRON, J.   Under the facts in this case the only method by
which the State could sustain the burden incumbent on it (*Dow* v.
*Latham,* 80 N. H. 492; *Summerfield* v. *Wetherell,* 82 N. H. 513) to
show that the lane involved was a public "way" under the motor
vehicle statute (R. L., *c.* 115, *s.* 1 XXXIV), was for it to prove
that it was a highway "laid out in the mode prescribed therefor by
statute." R. L., *c.* 90 (as amended by Laws 1945, *c.* 188) *Pt.* 1, *s.* 1.
To that end the State introduced evidence that a commission ap-
pointed by the Governor and Council to do so (*Id., Pt.* 4, *s.* 2) had
made and filed with the Secretary of State a return of the laying
out or alteration of Route 28 which covered the lane in question.
*Id., s.* 11.

The issue before us for decision is whether the fact that a copy
of such return was not filed with the clerk of the town of Salem as
required by said section 11 is fatal to the proof of a layout of said
lane "in the mode prescribed therefor by statute." *S.* 1, *supra.*

The making of the return is not a merely ministerial act but a
substantial and essential part of the duties of the authority laying
out the highway. "Under our laws, the return is not a mere clerical
formality, subsequent to the laying out. The highway is not legally
laid out until the return has been made . . . In effect, the return
is the laying out." *Brown's Petition,* 51 N. H. 367, 368.

The respondent correctly argues that it has been held by deci-

sion of our court at least since 1820 (*Hardy* v. *Houston*, 2 N. H. 309) that returns of highway layouts were to be filed with the clerk of the town involved. And up to 1891 town clerks were the only officials with whom such returns were filed. However, P. S., *c.* 70, *s.* 5, provided that in layouts which came under the authority of the Governor and Council the return was to be filed with the Secretary of State and a copy filed with the clerk of the town involved, and that was the law when Laws 1945, *c.* 188, was enacted. R. L., *c.* 93, *s.* 5.

Section 11 of Part 4 of R. L., *c.* 90 (Laws 1945, *c.* 188) provides as follows: "The commission shall make a *return* of the highway or any alteration by them laid out . . . and cause the same to be *filed with the secretary of state*, and file a *copy of such return* with the *clerk of the city or town* in which such highway or alteration is laid out." (Emphasis supplied).

It is our opinion that the return which "is not a mere clerical formality, subsequent to the laying out" but is "in effect the laying out" is the return required to be filed with the Secretary of State. This part of said section 11 is mandatory and if not complied with would be fatal to the layout. See *General Motors &c. Corp.* v. *Company*, 84 N. H. 348. However the filing of a copy with the clerk of the town in which such highway is situated was provided for by the Legislature primarily to facilitate the obtaining of information thereof by the residents of the town involved and is merely directory (*Horne* v. *Bancroft*, 62 N. H. 362, 363; *Gallup* v. *Mulvah*, 26 N. H. 132) and a noncompliance therewith will not affect the validity of the layout. *Horne* v. *Bancroft*, *supra*; 50 Am. Jur. 42.

There being sufficient proof that the lane in question was a public "way" within the provisions of R. L., *c.* 115, *s.* 1 XXXIV, the order must be

*Exception overruled.*

All concurred.