Municipal Court of Berlin,
No. 4311.

STATE *v.* DENNIS DURANLEAU.

Argued April 7, 1954.

Decided April 21, 1954.

*Louis C. Wyman*, Attorney General, *Warren E. Waters*, Deputy Attorney General, and *Arnold P. Hanson*, county solicitor (*Mr. Hanson* orally), for the State.

*John E. Gormley* for the defendant, furnished no brief.

KENISON, C. J. It is an elementary principle that it is incumbent on the State to show that violations of the motor vehicle law occur on a public "way." R. L., c. 115, s. 1 XXXIV; *State v. Michaud*, 98 N. H. 356; R. L., c. 90, *pt*. 1, *s*. 1, as inserted by Laws 1945, c. 188. This burden incumbent on the State is customarily satisfied by direct proof that the highway was legally "laid out in the mode prescribed therefor by statute" (*State v. Michaud, supra*, or by other proof that it had been in use for public travel for twenty years. *Summerfield v. Wetherell*, 82 N. H. 513, 516. See *Wilson v. Goodnow*, 98 N. H. 110, 111. Of course the burden may be satisfied by admission or stipulation but this was not done in this case. The precise question in this proceeding is whether a municipal court may take judicial notice that a certain street or avenue within the municipality is a public highway. It is not disputed that Glen Avenue is the only main highway leading south from Berlin. That it has been used for over twenty years for public travel was a fact of sufficient notoriety to be the subject of judicial notice. *Commonwealth v. Ball*, 277 Pa. 301; 8 Blashfield Automobile Law and Practice, *s*. 5394, *p*. 258.

In this case we have been furnished with a certified copy of an ordinance of the city of Berlin which reads as follows: "The highway now laid out, and extending from Green Square to the Gorham town line, shall hereafter be known as Glen Avenue, and shall be so designated on the official plan and map of streets and avenues in said Berlin." Except as modified by statute, courts of general jurisdiction do not take judicial notice of municipal

ordinances. *Danovan* v. *Jones*, 36 N. H. 246, 248; *Cerwonka* v. *Saugus*, 316 Mass. 152. However a different rule applies when a municipal court takes judicial notice of its own municipal ordinances. IX Wig. Ev. (3rd *ed.*) s. 2572. "Thus, judicial notice of a municipality's ordinances generally is taken by its city, police or municipal courts, since in these courts the ordinances are the peculiar law of the forum." 6 McQuillin, Municipal Corporations (3rd *ed.*) s. 22.19; *O'Malia* v. *Wentworth*, 65 Me. 129; *Tipp* v. *District of Columbia*, 102 F. (2d) 264, 265. The cases are summarized in an annotation in 111 A. L. R. 959 as follows: "As a well-recognized exception to the general rule that judicial notice may not be taken of a municipal ordinance, it has been held in numerous cases, and appears to be generally well established, that a municipal court must, or at least will, take judicial notice of the existence of an ordinance of the municipality in which the ordinance is sought to be enforced or with a violation of which a person is charged in that court, even in the absence of any statute in that regard."

In this state a court may or may not take judicial notice of a municipal ordinance as convenience and expediency suggest. *Walsh* v. *Public Service Co.*, 92 N. H. 331, 334. If the Presiding Justice is unacquainted with the existence of the ordinance, he is under no compulsion to apply it until it is proved in the ordinary manner. *Hall* v. *Brown*, 58 N. H. 93, 95. From the record we are unable to ascertain whether the defendant had any opportunity to dispute the applicability or validity of the ordinance in this proceeding. While there is authority for the proposition that judicial notice should be conclusive (Morgan, Judicial Notice, 57 Harv. L. Rev. 269), fairness in trial practice demands that the opposing party have an opportunity to dispute it. IX Wig. Ev. (3rd *ed.*) s. 2567; *United States* v. *Aluminum Co. of America*, 148 F. (2d) 416, 446. We reaffirm the right of a municipal court to take judicial notice of its ordinances but since this right may have been exercised unfairly to the defendant we set aside the verdict of guilty in order that he may have an opportunity to dispute the matter judicially noticed. In this connection it may be noted that the ruling of the municipal court may be reexamined by an appellate tribunal. See *Saloshin* v. *Houle*, 85 N. H. 126; IX Wig. Ev. (3rd *ed.*) s. 2567 (c).

Many years ago it was stated that "judges are not necessarily to be ignorant in Court of what everyone else, and they themselves

out of Court, are familiar with." *Lumley* v. *Gye*, 2 El. & Bl., Q. B., 216, 267 (1853). The principle that a court need not shut its eyes to what all others can see and understand (*McGovern* v. *New York*, 234 N. Y. 377, 392) would seem to be particularly applicable to the doctrine of judicial notice in municipal courts. However, it is important that the use of judicial notice should not deprive the defendant of rebutting any matter that is judicially noticed. For that reason the verdict of guilty is set aside and the case remanded to the municipal court for further proceedings. See *State* v. *Moore*, 93 N. H. 169, 172.

*Remanded.*

All concurred.