# Richmond

## Zula Mae Sisk v. Town of Shenandoah.

October 13, 1958.

Record No. 4862.

Present, All the Justices.

The opinion states the case.

(Submitted on brief by the plaintiff in error.)

*Bedford B. Uhler, Jr.*, for the plaintiff in error.

No appearance for or brief filed by the defendant in error.

I'Anson, J., delivered the opinion of the court.

■ Zula Mae Sisk was arrested on a warrant charging her with unlawfully operating a motor vehicle while under the influence of alcohol, in violation of an ordinance of the town of Shenandoah. She was convicted in the trial justice court and appealed to the circuit court. On October 4, 1957, trial by jury was waived with consent of the defendant and the town attorney, and the case was tried by the court, which found the defendant guilty as charged in the warrant and fixed her punishment at a fine of One Hundred Fifty ($150.00) Dollars. To this judgment was granted a writ of error and supersedeas.

In her assignment of errors the defendant makes the following contentions:

(1) The court erred in finding her guilty without proof of the ordinance.

(2) The court erred in taking judicial notice of the ordinance.

Thus the sole issue is did the circuit court err in taking judicial notice of the town ordinance? If it was not authorized to do so the motion to strike the prosecution's evidence should have been sustained.

The evidence discloses that on May 27, 1957, at about 8:30 P. M. the defendant was driving north on Front street in the town of Shenandoah when her automobile sideswiped and damaged two other cars parked along the street just north of its intersection with Virginia avenue. A town officer and a state trooper heard the collision and arrived at the scene within a minute or two. They found the defendant seated in her automobile under the influence of intoxicants. A witness who was seated in one of the automobiles that was sideswiped stated that the defendant did not get out of her car before the officers arrived. A blood test made within thirty minutes after the collision showed an alcoholic content of .15%.

At the conclusion of the prosecution's case the defendant moved to strike the evidence on the ground that the town had failed to introduce any evidence as to the town ordinance and that no request had been made that the court take judicial notice of such ordinance. The court requested authority in support of the defendant's position and continued the case to October 8.

On October 8, the town, by counsel, moved the court to allow it to introduce in evidence a copy of the ordinance. This motion was denied. Neither the court nor counsel for the defendant read or saw the purported copy of the ordinance. The defendant offered

no evidence and rested on her motion to strike the town's evidence.

In denying the defendant's motion to strike the evidence the lower court relied upon *Collins* v. *City of Radford*, 134 Va. 518, 524, 525, 113 S. E. 735.

Section 8-270, Code 1950, provides the manner of proving statutes and ordinances of the United States, other states and municipal corporations and reads in part as follows:

"A copy of any ordinance or joint resolution of a municipal corporation in this state, certified by the clerk or secretary of the corporation or a printed copy thereof which purports to have been printed by authority of the corporation, shall be received as prima facie evidence for any purpose for which the original ordinance or joint resolution could be received."

This provision of the statute providing the manner of proving certain specified official documents and referring specifically to municipal ordinances would appear to negative the authority of the circuit court to take judicial notice of the town ordinance in a case on appeal from the trial justice court. *State* v. *Egli*, 41 Idaho 422, 238 P. 514.

In *Norfolk & Portsmouth Traction Company* v. *Forrest's Administratrix*, 109 Va. 658, 661, 64 S. E. 1034, this court held that "Courts do not take judicial notice of municipal ordinances as they do of statutes, and evidence must be offered to prove them, but when proved they stand upon the same footing as statutes."

This is in accord with the general rule that courts of record will not take judicial notice of ordinances of municipal corporations and counties; such ordinances like other material facts must be pleaded and proved. *Cerwonka* v. *Town of Saugus*, 316 Mass. 152, 55 N. E. 2d 1; *City of Pascagoula* v. *Rogers*, 183 Miss. 323, 184 So. 433; 20 Am. Jur., Evidence § 37, page 61.

In courts not of record, a well recognized exception to the general rule prevails. It is well established that municipal and trial justice courts will take judicial notice of the existence of ordinances of the municipalities and counties within their own territorial jurisdiction. The reasons for the exception to the general rule are as follows: that municipal courts and trial justice courts stand in the same relation to municipal and county ordinances as courts of record stand to public statutes; that ordinances are considered the peculiar law of the forum, and that they are private laws. Therefore, municipal and trial justice courts must, or at least will, take judicial notice

of an ordinance. *State* v. *Duranleau*, 99 N.H. 30, 104 A. 2d 519, 521, 522, 45 A.L.R. 2d 1166; *Greenberg* v. *Rothberg*, 72 Ga. App. 882, 35 S. E. 2d 485; IX Wig. Ev. (3rd ed.) s. 2572; 6 McQuillin, Municipal Corporations (3rd ed.) s. 22.19. See also Anno. 111 A.L.R. 959, 960.

Municipal courts, and trial justice courts, now known as county courts, however, are not authorized to take judicial notice of ordinances of a sister municipality or county. Such ordinances must be pleaded and proved like any other material facts under the general rule of proving ordinances.

There is nothing in the record before us to show the legal existence of any ordinance of the town of Shenandoah, since none was introduced in evidence in the circuit court. Fair trial practice required that the defendant be afforded the opportunity to know the provisions of the ordinance she is charged with violating. The circuit court could not take judicial notice of the municipal ordinance as a matter of law, and certainly it could not do so as a matter of fact.

In *Collins* v. *City of Radford*, supra., at page 525, there is dictum that on appeals from municipal courts to state courts it is not necessary to plead or prove the ordinance on which the case was based. The language was not necessary to the decision of that case and we do not adhere to the statement.

Since the circuit court was not authorized to take judicial notice of the town ordinance, the motion to strike all the evidence offered by the prosecution should have been sustained and the warrant dismissed.

*Reversed and dismissed.*