# Richmond

JAMES R. BELL, ET AL. v. RALPH M. HAGMANN, EXECUTOR, ETC.

March 16, 1959.

Record No. 4893.

Present, All the Justices.

The opinion states the case.

*Lois H. Miller* and *J. Walter White*, for the appellants.

*John H. Rust* (*Jack J. Nichols*, on brief), for the appellees.

MILLER, J., delivered the opinion of the court.

This suit was instituted on July 30, 1957, by James R. Bell, James Trout, and William Trout, hereinafter called appellants, against Ralph M. Hagmann, individually and as executor of the estate of F. N. Hagmann, Jr., deceased, hereinafter called appellee, to obtain

specific performance of a written contract for the purchase and sale of real estate.

A copy of the contract was exhibited as a part of the bill of complaint, and the bill contained the usual allegations that appellants, who were the purchasers, were ready, able and willing to comply with the contract and had offered to do so, but appellee, sole devisee and executor of the vendor, had repudiated the contract and refused to comply with its terms. In his answer appellee denied that appellants were ready, able and willing to comply with the contract and that appellee had breached it. He asserted that a provision of the contract which constituted a condition precedent to his obligation to convey the land had not been met; that because the town of Vienna, in which the land was situated had rejected a plat of the land submitted to it for approval, he was thereby precluded from subdividing and selling the land as contemplated and from making a conveyance of the lot; therefore it was impossible for him to perform in accordance with the terms of the contract.

At the conclusion of the evidence, which was heard *ore tenus*, the chancellor declined to decree specific performance of the contract and appellants' bill was dismissed. We granted an appeal.

Summarized, the pertinent evidence follows:

On February 28, 1957, appellants entered into a written contract with F. N. Hagmann, Jr., to purchase a parcel of land owned by Hagmann for the sum of $29,000. The lot, which was then occupied by appellants as lessees of Hagmann under a lease of October 29, 1955, is situated in the town of Vienna, Virginia. It contains 63,112 square feet of land, and the lot was clearly and distinctly described in the contract by metes, bounds, calls and distances, and without reference to a plat. After this adequate description and a recital of the terms of sale, which were part cash and the balance in monthly installments of specified amounts, the following provisions appear in the contract:

"Vendor hereby agrees to have the property herein rezoned for commercial use within one year from the date of this contract. If the above rezoning cannot be obtained, the Vendee is thereby given the privilege of canceling or accepting this agreement and all monies paid to the Vendor shall be refunded except $150.00 per month rental referred to in the agreement of October 29, 1955. Sale price includes all tools and equipment referred to as Schedule A in an agreement dated 29th day of October, 1955 by and between F. N.

Hagmann, Jr. and William and James Trout. Vendee hereby reserves right of anticipation. Vendor hereby agrees to give the Vendee a deed and take back a deed of trust. All parties hereto agree that settlement shall be made at time the plat showing survey made by Carpenter and Cobbs dated February 23, 1957 is approved by Town of Vienna."

Near the end of the contract are found the following clauses and provisions:

"The purchaser agrees to comply with the terms of sale herein within 90 days from the date of acceptance by owner * * *."

"Possession to be given at once."

"Witness the following Signatures and Seals made this 28 day of February, 1957. Accepted this 28 day of February, 1957."

Then appear the signatures of appellants and of F. N. Hagmann, Jr.

After the contract was signed by the vendor and vendees, this and other adjoining property owned by F. N. Hagmann, Jr., was rezoned for commercial use on his application.

On April 16, 1957, F. N. Hagmann, Jr., died without having presented to the town of Vienna for approval the plat of this lot of land "made by Carpenter and Cobbs dated February 23, 1957." Nor was the plat of February 23, 1957, ever presented for approval to the town of Vienna by appellee, who qualified on April 20, 1957, as executor of F. N. Hagmann, Jr., deceased. Early in June, 1957, appellee presented to the council for approval a subdivision plat, which appellants had never seen; it was dated June 3, 1957, had been made by Carpenter and Cobbs, and included this lot and adjoining land. He stated that he did not present the plat of February 23, 1957, because it did not meet the requirements of the town ordinance pertaining to subdivision plats. The plat of June 3, 1957, is of a much larger parcel of land than the lot purchased by appellants which appears on the plat of February 23, 1957. By the plat of June 3, 1957, the larger tract is subdivided into four parcels of which the lot in question is one. Approval by the council of this subdivision plat was denied on July 1, 1957, and on July 5, 1957, appellee notified counsel for appellants by letter that performance under the terms of the contract had been made impossible by the town's refusal to approve the plat.

The pertinent part of his letter follows:

"Your letter of 26 June re settlement of the above captioned matter is answered as follows:

"The Town council of the Town of Vienna, Virginia rejected the proposed plat made by Carpenter and Cobbs, thereby making performance under the terms of the contract impossible, which contract expired on May 28, 1957. I quote the condition from the contract, 'All parties hereto agree that settlement shall be made at the time the plat showing survey made by Carpenter and Cobbs, dated February 23, 1957 is approved by the Town of Vienna.' The rejection of this plat in turn forbids any subdivision of the property.

"Enclosed find my check, as executor of the estate of Fred N. Hagmann, Jr., in the sum of $1,000.00 made out to your order as attorney, which sum represents the deposit made at the time of the signing of the contract.

"If and when the Town officials should have a change of heart as to the subdivision of this tract, it is possible that a new contract could be negotiated."

The evidence discloses that approval of the plat of June 3, 1957, which divided acreage into four lots of varying sizes and shapes, of which the lot in controversy is one, was denied because appellee declined to dedicate a strip of land ten feet wide along the eastern edge of his acreage to widen Glyndon street. The land comprising this ten-foot strip is beyond the area shown on the plat of February 23, 1957, and Glyndon street does not appear on that plat.

Appellants are now and have at all times been willing to accept conveyance of the lot in accordance with its description in the contract and without approval of either plat by the town of Vienna.

During the presentation of the evidence certain provisions of the town ordinances having to do with the approval by the town council of subdivision plats were mentioned by counsel at times. On occasions the chancellor in colloquy with counsel also mentioned the town ordinance that is said to require the approval of subdivision plats by the town council. In one instance, without quoting from the ordinance, the court stated what constituted a subdivision under the ordinance. Yet the ordinance was never offered or received in evidence, nor could the court take judicial notice of its provisions. *Sisk* v. *Town of Shenandoah*, 200 Va. 277, 105 S. E. 2d 169.

The ordinance is not before us for our consideration and we do not know its terms. Neither the trial court nor this court is entitled to say that presentation of the plat of June 3, 1957, which was

of a considerably larger area than was shown on the plat of February 23, 1957, measured up to a *bona fide* attempt on the part of appellee to comply with the provision of the contract. Yet it is not amiss to say that had the ordinance been formally introduced in evidence, whatever be its provision, still appellee's refusal to convey the lot to appellants would not have been justified. That is because we do not find that the provision in the contract that "All parties hereto agree that settlement shall be made at time the plat showing survey made by Carpenter and Cobbs dated February 23, 1957, is approved by Town of Vienna" makes approval of the plat a condition precedent to appellee's obligation to convey.

It is significant that in the same paragraph that contains the provision under consideration it is *expressly stated* that the vendee is "given the privilege of canceling or accepting this agreement" if the contemplated rezoning is not effected. Yet no such privilege of cancellation or acceptance is reserved to the vendor if approval of the plat of February 23, 1957, by the town of Vienna be not obtained.

Whether or not the town council could legally require dedication of the ten-foot strip of land as a condition to approval of the subdivision plat presented is not shown, for the town ordinance is not in evidence. In the absence of that showing, the contracting parties are presumed to have intended that which renders their agreement valid and capable of performance and not that which renders it impossible of performance. 4 M. J., Contracts, § 42, p. 380.

Neither the wording of the contract nor the circumstances in evidence indicate that the provision was intended by the contracting parties to require an approval of the plat as a condition precedent to the ultimate consummation of the sale. Its purpose was to fix a convenient and appropriate time for settlement. When appellee asserted that compliance with the contract had been rendered impossible, that was an erroneous conception of the terms of the instrument, for obviously the ordinance could not legally forbid the vendor from conveying to the vendee the adequately described parcel of land. Upon indication by appellee of his intent not to convey the land to appellants, they were entitled to seek and have specific performance of the contract.

The decree will be reversed and the cause remanded for the entry of a decree not in conflict with the views herein expressed.

*Reversed and remanded.*