Hillsborough
No. 80-302

### The State of New Hampshire

v.

### Charles F. Martell

April 3, 1981

*Gregory H. Smith,* attorney general (*Martha V. Gordon,* assistant attorney general, by brief and orally), for the State.

*Kevin F. Sullivan,* of Nashua, by brief and orally, for the defendant.

### Memorandum Opinion

The defendant was convicted of driving on Route 101-A in the town of Merrimack while under the influence of intoxicating liquor, in violation of RSA 262-A:62 I (Supp. 1979). In order to sustain its burden of proving that the violation occurred on a "public way," *see State v. Duranleau,* 99 N.H. 30, 31, 104 A.2d 519, 520–21 (1954), the State had introduced into evidence a copy of the appropriate commission's return of the laying out of Route 101-A. On appeal, the defendant contends that the Trial Court (*Souter,* J.) erred in denying his motion to dismiss based on his claim that the copy of the commission's return of layout was insufficient to prove

that the highway was a "public way" because it did not show (1) the actual oath taken by the commissioners, *see* RSA 233:4, (2) that they made a personal examination of the location of the highway, *see* RSA 233:10, (3) that the taking was of a fee simple interest in land, *see* RSA 236:2, (4) the width of the highway, *see* RSA 233:11, or (5) that an assessment was made and damages paid or tendered, *see* RSA 233:12.

■■ The return of layout states that the commissioners were "duly sworn." This is sufficient evidence of compliance with RSA 233:4 even though it did not include the actual oath taken. The return also gives a detailed description of the layout from which the width of the highway could be determined, and the trial court was correct in presuming compliance with the other statutory requirements for a properly laid-out highway in the absence of evidence to the contrary. *Hoban v. Bucklin*, 88 N.H. 73, 78–79, 184 A. 362, 365 (1936). The return therefore constituted sufficient proof that Route 101-A was a public way. *State v. Michaud*, 98 N.H. 356, 358, 100 A.2d 899, 901 (1953).

The failure of the State to introduce additional evidence on these disputed points does not, as the defendant argues, justify an inference that such evidence could not be produced.

*Appeal dismissed; affirmed.*