## McALLISTER v SOULE

Ohio Appeals, 2nd Dist, Franklin Co

No 2717. Decided Jan 5, 1937

Wilson & Rector, Columbus, and Joseph C. Allen, Columbus, for plaintiff-appellant.
B. B. Bridge, Columbus, and Paul R. Gingher, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

Appeal on questions of law by appellant from a verdict and judgment in his behalf in the sum of $400.00 with costs.

The errors asserted are:

I. (a) The verdict of the jury is not sustained by the evidence.

(b) The verdict is against the manifest weight of the evidence.

(c). The verdict is wholly inadequate to compensate plaintiff-appellant for the damages sustained.

II. The court erred in refusing to allow counsel for plaintiff-appellant to complete their argument to the jury.

III. The court erred in his charge to the jury that:

(a) The court charged upon the issue of imputed negligence.

(b) The court charged upon the issue of contributory negligence.

The action was for damages for personal injuries claimed to have been sustained by the plaintiff while a passenger in an automobile owned and driven by E. G. Rawson, which came into collision with an automo-

bile operated by the defendant at a point on the east side of South Nelson Road, about two feet past the center line of East Broad Street in the City of Columbus, Ohio. Plaintiff's driver was moving in a northerly direction on South Nelson Road and the defendant was moving in a westerly direction on East Broad Street.

We consider the third claim of error first.

The court charged the jury on contributory negligence and it is asserted that it was also an instruction on imputed negligence. We do not agree that the doctrine of imputed negligence is set forth directly or by inference in the general charge. The court expressly said: "In Ohio there is no imputed negligence," and further in appropriate language emphasized the fact. The negligence to which the attention of the jury was drawn was only that which might, in the view of the trial court, be chargeable to the plaintiff himself because of his failure under the circumstances to do that which ordinary care dictated to protect himself from injury. In no wise could any act of commission or omission of which plaintiff's driver might be chargeable have been imputed by the jury to the plaintiff.

There is no necessity, in our view of the law of this case, to determine whether or not a charge of contributory negligence was proper under the facts developed. There was a verdict and judgment for the plaintiff and this establishes the fact that the jury found no contributory negligence chargeable to the plaintiff. Having so found the plaintiff could not have been prejudiced. We must assume that the jury followed the law as set forth in the general charge and in the special charges. The jury then could not have found for the plaintiff in any sum had it determined that the plaintiff was contributorily negligent. The error, if such, could not have been prejudicial. Mchurin & Son v Stone, 37 Oh St 49; Fairchild v L. S. Electric Railway Co., 101 Oh St 261; Cincinnati Traction Co. v Woodmansee, 16 Oh Ap 314.

We have examined the cases of Rognon v Zanesville, 24 Oh Ap 536, (5 Abs 55) and Engler v Reed, Admr, 53 Oh Ap 15, (22 Abs 322); Ohio Bar, October 12, 1936.

In the Engler case it was appropriate for the reviewing court to pass upon the erroneous charge on contributory negligence, inasmuch as the judgment was reversed and the cause was to be tried again.

If the verdict and judgment had been for the appellant in a sum fairly reconcilable with the testimony and not manifestly inadequate, there would have been no cause to have reversed the judgment and remanded the cause for new trial. In the Rognon case there was a judgment for the defendant below and the improper charge on contributory negligence was properly held to be prejudicially erroneous.

The following Ohio cases are also cited: Brooks v Lindsey, 17 Oh Ap 225; Insurance Co. v Railroad Co., 129 Oh St 401; Brock v Marlatt, 128 Oh St 435; Traction Co. v Stephens, 75 Oh St 171; Traction Company v Forrest, 73 Oh St 1; Pennsylvania Co. v Hart, 101 Oh St 196; Manufacturing Co. v Maitland, 92 Oh St 201-206; Machine Co. v Stone Co., 92 Oh St 76-85; Gfell v The Jefferson Hardware Co, 10 Oh Ap 427, and an annotation in 102 A.L.R. 1125, et seq.

Without discussing these cases in detail it may be said that they support the general proposition that a court should confine the charge to the jury on issues made by the pleadings or the evidence in the case and that a failure to do so is prejudicial error if it may be said that it affected the cause of the party seeking the review.

II. Counsel for plaintiff at the conclusion of the trial of the cause made the opening argument to the jury. Thereupon counsel for the defendant waived oral presentation. One of counsel for plaintiff then requested the court to continue argument for the plaintiff, which request was refused and exceptions noted to the action of the court. This is the second ground of error urged. The order of the trial court was within its sound discretion. The court in the general charge said to the jury that plaintiff's counsel had taken sixteen and one-half minutes in opening argument. The record does not disclose that counsel was prevented from fully presenting the cause of his client in the opening argument.

Grocery Company v Overfield, 32 Oh Ap is cited. This case holds that no abuse of discretion appeared when the trial court permitted a second argument by counsel for plaintiff, the defense having waived argument at the close of plaintiff's first argument and refused to avail himself of the opportunity extended to answer the arguments for plaintiff. Our question is neither presented nor considered.

The first assignment of error, consisting of three branches, is that the verdict is

against the manifest weight of the evidence, not sustained by the evidence and the damages fixed wholly inadequate.

Many Ohio cases appear in the brief of counsel for plaintiff, which establish the principle that a new trial can be granted if the verdict is inadequate to compensate the plaintiff for the injuries suffered. There can be no doubt that the law is as claimed and as established by these cases. An analysis of the subject matter of the many cases cited establishes without exception that awards of damages made by the juries were patently inadequate, not supported or justified upon any reasonable interpretation of the whole records. This is the test that must be applied in determining the adequacy of the verdict in the instant cause.

"A verdict should not be set aside if supported by any competent, credible evidence." **Iron Co. v Rook, 93 Oh St 152; Katz v Finance Co., 112 Oh St 24; Motor Co. v Winter, 118 Oh St 622.**

"Where the verdict is based upon conflicting inferences reasonably deducible from the evidence, the verdict should not be set aside." **Riegel v Belt, 119 Oh St 369; City Ry. Co. v Shively, 17 Oh Ap 172.**

The inadequacy of the verdict is the only question to be considered under the three-fold specification of error first assigned, as the verdict and judgment were for the plaintiff.

The injuries asserted by the plaintiff to have been suffered by him were a fracture of his skull, beginning in the midportion of the right lambdoidal suture and extending forward and upward and terminating in the upper portion of the right mastoid area, and fracture of the skull on the right side of the base thereof; his arms, shoulders, neck and back were severely bruised and wrenched. His vision has been impaired. He suffers from numbness and loss of sensation through the entire left side of his body; his hearing has been impaired; he suffers severe and lasting headaches and spells of dizziness and from constant and severe pain in his left lumbar region, and is unable to sleep at night; that his injuries are permanent; that he has incurred medical expenses in the sum of $1075.00 and will be required to incur additional medical expenses in the future; that he suffered property loss of a total value of $135.00. The verdict was in the sum of $400.00.

The plaintiff offered evidence tending to support each and every averment touching the nature and extent of his injuries. The defendant likewise offered testimony which directly refuted the claim that the plaintiff had sustained any fracture of the skull, that his hearing or his vision was impaired as a result of the automobile collision occurring on the morning of October 16th, 1934, and offered testimony from which it might be inferentially determined by the jury that the plaintiff suffered none of the injuries claimed by him in his petition. No interrogatories were submitted to the jury and it is impossible to tell definitely what elements of damages pleaded were found to have been proved.

Most of the evidence was devoted to the testimony tending to establish or refute the claim of the plaintiff that he sustained fractures of the skull and an injury to the 8th nerve. This testimony, in the main, was elicited from expert witnesses, four on behalf of the plaintiffs and three for the defense. In conjunction with the conclusions made by a reading of the X-Ray plates of pictures of the skull of plaintiff certain symptoms, practically all of which were subjective, were also considered in determining whether or not these symptoms were the result of a fracture of the skull and/or an injury to the 8th nerve.

A reading of the record is convincing that the jury was well within its province in determining that the plaintiff suffered no fracture of the skull and no injury to the 8th nerve. There was also persuasive evidence offered on behalf of the defendant to the effect that whether or not the plaintiff's skull was fractured or his 8th nerve injured, he could not, as he did, have returned to work immediately following his injuries if they affected him as testified by him and his wife. The statements of Dr. LeFever, an expert witness on behalf of the plaintiff, in his examination in chief were convincing that plaintiff had been injured in the manner set forth in his petition, but on cross-examination his testimony in chief was materially weakened wherein he indicated that he could find the same defect in hearing and the same conditions which he found in the plaintiff without any trauma having intervened, and further that he had formed his opinion in part from the statement of the plaintiff that he did not return to work for several days after the automobile accident. He further said that he had come to his conclusion upon the history that he had obtained from the patient that he was well

prior to the date of his last injury and upon the subjective symptoms. There was also evidence from which the jury had a right to conclude that the plaintiff had before the date set out in the petition reported that his eyes were affected and his hearing impaired.

Without undertaking to analyze at any greater length the conflicting testimony, we are satisfied that the jury did not exceed its prerogatives in holding against the plaintiff on his claims as to the major injuries. It likewise had the right to find that the amount expended for medical service and which probably would be required in the future was disproportionate to the amount which could properly be related to the injuries actually suffered by the plaintiff as a proximate cause of defendant's negligence. The amount of the verdict would permit a finding of property loss, compensation for the minor injuries and necessary medical expense in relation thereto.

The burden of proving the nature and extent of the injuries and the damages resulting therefrom was upon the plaintiff. There can be no question that if all or the major injuries pleaded resulted by reason of defendant's negligence and the effects thereof were as set out in the petition and supported by the evidence of plaintiff and his witnesses, the verdict is grossly inadequate, but we can not say that a fair consideration of all of the record requires such determination.

The judgment will be affirmed.

BARNES, J, concurs.
CRAIG, PJ, not participating.