240

## COLLINS, Plaintiff-Appellant v. ZIMMERMAN, Defendant-Appellee.

Ohio Appeals, Second District, Greene County.

No. 480. Decided June 11, 1943.

Marcus Shoup, Xenia, Byron E. Holzfaster, and Clifford R. Curtner, Dayton, for plaintiff-appellant.

Marshall & Marshall, Xenia, for defendant-appellee.

### OPINION

By GEIGER, J.

This matter involves an appeal by the plaintiff-appellant from a judgment of the court below under date of January 12, 1943, wherein it is ordered that the defendant go hence without day and recover his costs. The judgment of the Court was based upon the verdict of the jury finding in favor of the defendant.

The petition alleges in substance that U. S. Route 42 runs north and south from Xenia to Spring Valley in Greene County; that the defendant was engaged in the operation of trucks for hire; that on the 2nd of September, 1941, plaintiff was proceeding southwardly on said highway in his Chevrolet sedan; that when plaintiff reached a point two and one-half miles north of Spring Valley defendant was operating two trucks northwardly, one preceding the other; that at a place indicated the first truck in line, without warning, turned from the east half of the highway to the west portion thereof, on which the plaintiff was driving, and propelled the trailer of said truck into the plaintiff's automobile; that immediately following the second truck of the defendant drove head-on into the car of the plaintiff; that the defendant was negligent: (1) in the operation of his two trucks northwardly at a speed greater than was reasonable and proper, to wit, at fifty-five to sixty miles per hour; (2) in operating the trucks without keeping a proper outlook for automobiles on the west side of the highway; (3) in operating on the wrong side of the highway; (4) in failing to have trucks under proper control so as to avoid accident; (5) in driving trucks from the east side to the wrong side without giving any signal; (6) in operating his motor vehicles too close together for safety to the plaintiff.

Plaintiff alleges that as a result of the negligent operation said trucks struck his automobile, damaging the same, and seriously injuring the plaintiff, as set out in said petition. Plaintiff asks judgment in the sum of $30,619.50.

The defendant answers, admitting the operation of the two tractor-trucks, each operated by an agent of the defendant, in a northeasterly direction on said highway. Defendant

alleges that plaintiff was driving in a southwesterly direction and at the point in question, drove his car over the center line and struck the left rear corner of the trailer operated by one of the defendant's agents and that plaintiff's car then skidded to the east half of the roadway directly into the path of the tractor and trailer operated by another agent; that both tractors so operated were on their own or east side of the highway, prior to the time of the collision. Injuries are admitted, but the amount thereof denied.

For reply the plaintiff denies that he was at any time operating his automobile on the wrong side of the highway as alleged in the answer and denies all other allegations.

At the trial there was a request that if jurors rendered a general verdict, they be instructed to especially find upon certain interrogatories as follows:

"Interrogatory No. 1: Was the driver of the first truck guilty of negligence in the operation of the truck?" This was answered in the negative by all but one juror, who answered in the affirmative.

"Interrogatory No. 2: Was the driver of the second truck guilty of negligence?" This was answered in the negative by eleven jurors.

"Interrogatory No. 3: Was the driver of the first truck operating his truck on the wrong side of the road?" This was answered in the negative by eleven jurors and in the affirmative by one, the one being the same juror that answered in the affirmative to interrogatory No. 1.

"Interrogatory No. 4: Was the driver of the second truck operating on the wrong side of the road at the time of the accident?" This was answered in the negative by ten jurors and in the affirmative by one. The one answering in the affirmative was the same juror who answered in the affirmative to interrogatory No. 3.

The general verdict of the jury, concurred in by eleven members was in favor of the defendant. Motion for new trial was made on the customary grounds. The entry of the court on the verdict of the jury was as heretofore stated.

A bill of exceptions was properly submitted and settled.

The defendant files in this Court on March 19, 1943, his assignment of errors:

1. The verdict not sustained by evidence.

2. Court erred in charge to jury on contributory negligence.

3. Court erred in submitting interrogatories.

4. The Court erred in overruling motion for new trial.

Counsel for plaintiff-appellant has skilfully presented in his brief his analysis of the evidence in this case and the law applicable thereto. We will briefly summarize the claims asserted by him.

He recites the position of the highway and its condition and states that Collins was driving on the west or right side of the center line of the highway; that at a short distance prior to the point of collision the first truck attempted to pass several boys on bicycles riding north on the east side of the road; that as this truck was passing the bicycle riders the plaintiff's car was passing on the left side of this truck on the west side of the road when the left rear wheel of the trailer struck the left front frame of the plaintiff's car, rendering plaintiff unconscious and pulling his car to the center of the highway where it was struck head-on by the defendant's second truck following closely the first. Plaintiff asserts that the testimony of the driver of the rear car was that the plaintiff was driving normally on the west side of the highway and when the plaintiff's car was struck by the left rear wheel of the first car, the driver of the second car watched the plaintiff's car until it swung over in front of him and that all this time it was on the west side of the highway.

Plaintiff asserts that the evidence offered as to the marks on the surface of the road indicated that the collision with the first truck took place west of the center line. The plaintiff argues that the evidence indicates that the speed of the trucks was in excess of 60 miles an hour, and that the two trucks were only 75 feet apart. The plaintiff comments on the presence of the boys on bicycles and of the testimony of both drivers that the first truck did not turn out of its course in passing the bicycle riders and plaintiff criticizes defendant for not producing the bicycle riders as witnesses.

It is asserted that the evidence shows that as the first truck swung out to pass the boys on the bicycles the left rear portion of the truck and trailer was over three feet west of the center of the road when it hit plaintiff's car, damaging it and causing it to produce the gouge marks described by the witnesses. If the evidence justifies the conclusion drawn by plaintiff's counsel it would follow that the accident was caused by the defendant's first truck crossing the center line and coming in contact with the plaintiff's car on the side of the road properly occupied by the plaintiff. Unfortunately for the plaintiff's position, the jury in answers to the interrogatories and by its general verdict found that neither of the defendant's trucks crossed the center line. The evidence of the gouge marks and of the broken headlight glass gives sup-

port to the plaintiff's claim that the accident occurred on the west half of the highway, but all this evidence was presented to the jury, and the jury, both by the answer to the interrogatories and the general verdict failed to support the plaintiff's claim. Another unfortunate situation for plaintiff arose from the fact that the plaintiff himself was unable to give any evidence as to the position of his car at the time it was struck. His pertinent evidence appears on page 105, et seq. of the record. Upon being inquired of as to what happened on the day of the accident, he testifies that he did not know and could not recall any of the incidents of the accident. The last matter that he could recall related to his activities in painting in the city of Dayton three months before the accident. He remembered nothing between July and the date of the accident, which was in September. His first recollection after the accident related to his confinement in the hospital, and as to what occurred thereafter his mind is not clear. The plaintiff attributes this lack of memory to the injuries he received at the time of the accident which included injuries to his head. It would be improper for us to assume that after the plaintiff had attributed his lack of memory to the accident, if he could recall the facts as they occurred they would support his claim as to the cause of the accident.

It is also unfortunate that the boys riding the bicycles, going in the same direction as the trucks, and of whom there appeared to be two, were not available as witnesses, but this is not the fault of the defendant any more than it is of the plaintiff. The burden is upon the plaintiff to prove the negligence of the defendant.

Drivers of automobiles, in overtaking and passing a bicycle especially if ridden by children, have a strong inclination to turn to the left to give the bicycles a wide berth, and this may have caused the defendant's truck to cross the center line. The only evidence, however, is that of the drivers of the two trucks both of whom testified positively that the bicycles were being ridden on the east berm of the road, and that the first truck did not swerve from a straight line while passing the bicycles. If the plaintiff relies upon his claim that the accident occurred from the fact that the defendant moved to the left to avoid the bicycles, he must produce evidence to that effect. The evidence not only fails to support his claim, but is directly contradictory.

Counsel for plaintiff relies strongly upon his claimed error in the charge by the Court of contributory negligence, claiming that this issue was never in the case by the pleadings or

the evidence, and that the plaintiff objected thereto at the conclusion of the general charge by the Court.

There is no complaint as to the correctness of the charge, the objection being made solely to the fact that contributory negligence was not an issue. It is asserted by counsel that the defendant did not admit that it was guilty of any negligence, but especially denies the same and claims that both trucks were on the proper side of the road, and that the plaintiff drove over the center line and struck the first truck, after which he swerved to the wrong side of the road and was struck by the second truck. Counsel claims that it is a settled rule that when an issue of contributory negligence is not properly presented by the evidence, it is reversible error to charge thereon, and that a Court should confine the charge to the issues made by the pleadings or the evidence, and that failure to do so is prejudicial error if it may be said that it affected the cause of the party asking review.

The Court properly charged:

"It is a rule of law that a party can not hold another liable for damages occurring by reason of negligence, unless the party suing is free from fault and that he did not contribute by any negligence on his part to the production of the damage. * * *

"The Court instructs you that contributory negligence cannot exist and does not occur except in a case where the party charged was negligent and where the proof shows that the damage complained of was not due solely to the negligence of the party sued, but that the collision and damages resulting therefrom were brought about by a combination of the negligence of both.

"Upon this question of contributory negligence you are instructed that the burden of proof is upon the defendant to establish by a preponderance of the evidence * * * that the plaintiff was not then and there in the exercise of ordinary care, and that his negligence combined with that of the defendant's drivers to bring about the collision and the resulting damages, unless the plaintiff in his effort to prove his case, developed such evidence as to create an inference that the plaintiff was guilty of such negligence, in which event it is then incumbent upon the plaintiff to produce evidence sufficient to equal or counterbalance such inference before the defendant is called upon to prove it."

There are a large number of cases touching upon the propriety of charges in reference to contributory negligence. See **Cincinnati Traction Co. v Stephens, 75 Oh St 171.**

In the case at bar there was no issue of contributory negligence made by the pleadings. If on the trial the defense had been wholly that the defendant was not guilty of negligence, it would have been prejudicial error to charge the jury at length upon the subject of contributory negligence.

However, the question of contributory negligence was raised by the evidence, and it was then proper for the Court to charge on that issue. His charge being correct, no prejudice intervened by reason thereof.

**McAllister v Soule, 24 Abs 118,** 2d Judicial District, opinion by Hornbeck, J.:

"3. A court should confine the charge to the jury on the issues made by the pleadings or the evidence in the case and failure to do so is prejudicial error if it may be said that it affected the cause of the parties seeking the review."

On the other hand, it is held in substance in **Glass v Heffron Co., 86 Oh St 70,** that where there is evidence which fairly tends to prove that the defendant was guilty of negligence and also that the plaintiff was negligennt, it is proper for the Court to instruct the jury in reference to contributory negligence.

**Bradley v Cleveland Ry. Co., 112 Oh St 35:**

"1. In actions for negligence, where the answer pleads the general issue, or that the injury resulted from the plaintiff's fault, either or both, **and the evidence offered at the trial reasonably tends to develop the issue of contributory negligence,** it is the duty of the court to charge upon that issue."

The Court in his charge to the jury stated in effect (Record, 223) that the defendant in his answer denies the alleged ground of negligence and further claims that the plaintiff, William Collins, drove his car over the center line of the highway and struck the left rear corner of the trailer operated by Wymond Knight, and then swerved and skidded on the highway clear over on the east half of said highway and directly in the path of the oncoming tractor operated by Harold Chambers.

Upon a careful reading of the record in this case we arrive at the conclusion that the evidence does develop the question of contributory negligence, and that the court did not err in charging the law relating thereto.

Counsel brings to the Court's attention the rule as to res ipsa loquitur, the claim being made that the rule is applicable to the action of the defendant. If this rule is applicable to the facts as disclosed by the testimony, it is equally applicable to the plaintitiff and the defendant.

In the case of **Weller, Exrx. v Worstall, 129 Oh St 596,** at page 600, Zimmerman, J., delivering the opinion of the Court says:

"Briefly stated, the doctrine is that where the instrumentality or thing which caused the injury complained of is shown to be under the management and control of a defendant, and the accident is such as in the ordinary course of events does not happen if proper management and control is exercised, it affords reasonable evidence, in the absence of explanation by such defendant, that the accident arose from want of care, and permits the inference of negligence."

And on page 601:

"While the doctrine does not require that negligence must be inferred from the mere occurrence of an accident, if the accident and the circumstances under which it took place give ground for a reasonable inference that if due care had been exercised the thing that happened amiss would not have happened, the laws says, 'res ipsa loquitur'."

In the case of **Nassar v Motor Freight System, 58 Oh Ap.** 443, it is held:

"4. Where a motor truck, while being driven along a highway and without coming in contact with any obstacle, leaves the road and plunges into a creek, an inference of negligence arises under the doctrine of res ipsa loquitur."

See **Morrow v Hume, 131 Oh St 319,** page 325.

We do not believe that it is necessary to resort to this doctrine to determine whether or not either party was negligent, as there is evidence to establish the negligence, if any, of either party.

It is claimed that the Court erred in submitting the interrogatories to the jury. We have studied these interrogatories and their relation to the issues made and conclude that there was no error upon the part of the Court in submitting the same and receiving the verdict of the jury thereon.

The plaintiff alleges that one of the acts of negligence which resulted in the collision, was the excessive speed at which both trucks were being driven along the highway, and produced evidence of witnesses that they were being operated from 55 to 60 miles per hour, being in excess of the rate of speed of trucks mentioned in the statute.

The driver of each of the trucks testified positively that his truck was controlled by a "governor" attached to the carburetor in such a way that a maximum speed of 40 miles per hour was all that was possible. Each was closely cross-examined as to the possibility that the governor failed to restrain the speed to that fixed by the governor control. Both of these witnesses testified that the governor had been placed on the carburetor at the factory and had been so sealed that it was impossible to exceed the maximum rate of forty miles.

No evidence was introduced that these governors failed in their functions and we must regard the positive statements of these witnesses as final as to the maximum possible speed of the trucks. We have, in the trial of automobile cases, been many times puzzled to determine from conflicting evidence the rate of speed of the automobile involved in the accident.

We recognize that there may have been a violation of §7249 GC, by the operator of one or both of the trucks, even though the rate of speed was not in excess of forty miles per hour, though speed alone is not the determinative factor as to the violation of the Section. But, if the jury found that the speed provision of the Section had been violated, it may further have found that such action was not a proximate cause of the collision.

Returning to plaintiff's assignments of error, we pass upon them specifically:

(1)   That the verdict is not sustained by the evidence.

This assignment is overruled.

(2)   The Court erred in its charge to the jury on contributory negligence.

Overruled.

(3)   The Court erred in submitting interrogatories to the jury.

Overruled.

(4)   The Court erred in overruling appellant's motion for a new trial.

Overruled.

Judgment of the Court affirmed. Cause remanded.

BARNES, P. J., and HORNBECK, J., concur.