**HEDGES, Plaintiff-Appellee, v. GRIFFITH, Defendant-Appellant.**

**No. 3697. Decided December 27, 1944.**

Joseph W. Horner, Columbus, for plaintiff-appellee.
Williams, Williams, Klapp & Reynolds, Columbus, for defendant-appellant.

HORNBECK, J., GEIGER, J., and SHERICK, J., of the Fifth District, sitting by designation in place of BARNES, P. J.

## OPINION

**By THE COURT:**

The plaintiff Lloyd Hedges, alleges in his petition that the Sawmill Road is a principal thoroughfare extending in a northerly and southerly direction; that Bethel Road is a road in the same vicinity as Sawmill Road, extending in an easterly and westerly direction; that the two roads intersect; that on the 6th day of July, 1942, the plaintiff was driving his automobile in a southerly direction on the Sawmill Road at a rate of speed not exceeding thirty miles per hour; that when he reached the intersection of said Bethel Road he proceeded to cross the same and when he had crossed the center of the Bethel Road his automobile was struck violently on the right side, rear of the right fender, by a car owned and driven in an easterly direction by the defendant; that as a result his automobile was thrown in an easterly direction on Bethel Road, a distance of about 35 feet, and was headed west on Bethel Road, completely wrecked; he alleges that as the result of said accident he was seriously injured, both externally and internally, in the manner set out; that he has been unable to do any work and has suffered and still suffers great pain and is

under the constant care of a physician; and that his medical expenses amount to $255.00.

Plaintiff says that the damages and injuries to him were due solely and proximately to the negligence of the defendant in the following manner:

(1) Defendant was driving his automobile at an unlawful and dangerous rate of speed, to wit, sixty miles an hour;

(2) That he failed to have his automobile under control;

(3) That he failed to blow his horn;

(4) That he failed to keep a proper lookout.

He alleges that his damages, including his medical expenses, loss of wages and injuries suffered, amount to the sum of $26,755.00 for which he prays judgment.

The defendant in his answer admits certain allegations and denies all others; and alleges that any injuries to his person or car were due to the sole negligence of the plaintiff.

As a cross-petition, the defendant sets up the location of the cross roads as stated in the plaintiff's petition and alleges that he was driving in an easterly direction on Bethel Road, and that as he approached the intersection he slowed his speed to twenty to twenty-five miles an hour and that as he entered said intersection he was proceeding at twenty miles per hour; that just prior to entering he looked for traffic and seeing none proceeded to enter the intersection and had reached the middle thereof when the automobile being driven in a southerly direction by plaintiff entered said intersection at a speed of about fifty or sixty miles an hour and struck the automobile which defendant was driving and as the result of being struck by the automobile of the plaintiff the defendant's automobile was damaged in the manner described, and that he was personally injured in the collision, all to his damage in the amount of $1,500.00; that said damage was due directly and proximately to the negligence of the plaintiff, and defendant further states that the injuries were due to the manner in which the plaintiff operated his automobile, due solely and proximately to the negligence of the plaintiff, as follows:

(1) That plaintiff was driving his automobile at an unlawful rate of speed, to wit, sixty miles an hour;

(2) That plaintiff failed to have his automobile under proper control, or to observe warning or caution sign erected at the crossroads;

(3) That he failed to yield the right of way to plaintiff, and the defendant asks judgment against plaintiff in the sum of $1,500.00.

Plaintiff filed an answer to defendant's cross-petition, in which he alleges that if defendant's injuries to himself and his automobile are as claimed, that said injuries were caused solely by the carelessness and negligence of the defendant.

The jury returned a verdict of $7,500.00 in favor of plaintiff, and proper motions for new trial and for judgment non obstante were filed by the defendant and overruled, and judgment rendered for the amount of the verdict on behalf of the plaintiff.

Each party claimed that the other was guilty of negligence, resulting in the damage to the several cars; each alleges that the damage was due solely to the negligence of the opposite party and there is nothing in the petition or answer and cross-petition indicating contributory negligence and no assertion of last clear chance.

The defendant assigns eight specific errors, which may be condensed:

That the Court erred in the admission of evidence; in refusal to admit evidence on behalf of appellant; in overruling the motion of the appellant for a directed verdict, made both at the conclusion of the defendant's evidence and at the conclusion of all the evidence; that the Court erred in the charge to the jury, and in overruling the motion for new trial and the motion for judgment non obstante, and in rendering judgment in favor of the plaintiff.

Each party charges the other with negligence in almost identical terms, save and except that a charge was given to the effect that if the defendant was approaching lawfully he had a right to cross the intersection in preference to any right of plaintiff, and that he had a right to proceed uninterruptedly in a lawful manner in the direction in which he was moving in preference to the vehicle approaching into his path from a different direction.

The Court charged at length under **Morris v Bloomgren, 127 Oh St, 147,** et seq., including the 5th syllabus.

Counsel for defendant claims that the charge of the 5th syllabus of that case was not appropriate to the case at bar, and that it brought into consideration the elements of last clear chance, and that not being an issue that was pleaded or developed by the testimony, that a charge on it was prejudicial error.

In passing, we would say that we have concluded that paragraph 5 of the syllabus of the Bloomgren case, above referred to, does not raise the issue of last clear chance.

The matter upon which the controversy between counsel largely revolves is whether the Court committed prejudicial error in instructing the jury at length on the question of contributory negligence. Neither party in their several pleadings alleged contributory negligence, but the Court in its charge to the jury, on page 223 of the record, charges on the issue.

We shall cite the cases most pertinent to the question of whether or not a charge of contributory negligence was proper under the facts developed.

In the case at bar there was a verdict and judgment for the plaintiff and this establishes the fact that the jury found no contributory negligence chargeable to the plaintiff.

Having so found, the plaintiff could not have been prejudiced.

The jury could not have found for the plaintiff in any sum had it determined that the plaintiff was contributorily negligent.

The error, if such, could not have been prejudicial. (Mc Allister v Soule, 24 Abs, 118, by Hornbeck, J.) See cases cited on page 119.

### THE LAW.

We cite the following authorities:

29 O. Jur, Sec 83, p. 501;

Cincinnati Traction Co. v Forrest, 73 Oh St, 1;

The Cincinnati Traction Co. v Stephens, Admr., 75 Oh St 171;

Glass v Heffron Co., 86 Oh St, 70;

Coal Company v McFadden, 90 Oh St 183;

Bradley v Cleveland Ry. Co., 112 Oh St 35;

Hanna v Stoll, 112 Oh St 344;

Kolp v Stevens, et al., 45 Oh Ap., 147, Opinion by Sherick, J.

McAllister v Soule, 24 Abs., 118, Opinion by Hornbeck, J.

Collins v Zimerman, Court of Appeals, Greene Co., N. E. Reporter, 2d, series of Nov. 15, 1944, p. 245; 40 Abs., 240; Opinion by Geiger, J.

Judgment of the Court below affirmed.

HORNBECK, GEIGER and SHERICK, JJ., concur.