## AMELIA AND BENJAMIN TURNBLOOM v. BERNICE M. CRICHTON AND ANOTHER.[1]

October 13, 1933.

Nos. 29,764, 29,765.

[1]Reported in 250 N. W. 570.

*Snyder, Gale & Richards,* for appellants.
*Walter P. Wolfe,* for respondents.

*DIBELL, Justice.*

Two actions, tried together in the district court and consolidated on appeal, one brought by Benjamin Turnbloom and the other by Amelia Turnbloom, his wife, against the same defendants, to recover damages for injuries sustained by the wife in an automobile collision. There was a verdict for $1,100 in favor of Benjamin Turnbloom, conditionally reduced to $600, upon which judgment was entered for $642.15, from which the defendants appeal; and a verdict in favor of Amelia Turnbloom for $3,000, conditionally reduced to $2,000, upon which judgment was entered for $2,123.85, from which the defendants appeal.

■ Benjamin Turnbloom and Amelia Turnbloom were riding in an auto in Minneapolis. The auto was owned and driven by Mr. Turnbloom. He stopped in obedience to a stop-and-go signal at an intersecting street. He did not extend his hand to the left as a warning. An auto driven by one of the defendants and owned by the other was in the line of traffic and approaching from the rear. It struck the auto of the plaintiff Benjamin Turnbloom, and this was the cause of the injury to the plaintiff Amelia Turnbloom.

The uniform highway traffic act, 1 Mason Minn. St. 1927, § 2720-17, provides:

"The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such move-

ment can be made in safety, and if any pedestrian or cyclist may be affected by such movement shall give a clearly audible signal by sounding the warning device, and whenever the operation of any other vehicle may be affected by such movement shall give a signal either by extending the arm horizontally from and beyond the left side of the vehicle or by an adequate mechanical or electrical signal device, plainly visible to the driver of such other vehicle, of the intention to make such movement at least fifty feet before a stop or turn is to be made, except that the requirement of signal by warning device shall apply to motor vehicles only."

The court instructed the jury that the statute relative to the extension of the hand was without application. The defendants claim this was error. No objection is made to the finding of negligence in the defendants.

The uniform highway traffic act does not provide for the regulation of traffic by means of traffic control devices such as a semaphore. It leaves such regulation to the municipalities. 1 Mason Minn. St. 1927, § 2720-32.

The requirement that the driver obey the command of the semaphore must be obeyed implicitly. Unless obeyed, traffic is confused and delayed and pedestrians and those in autos are imperiled. One approaching from the rear must have in mind that the car ahead must obey traffic control devices at intersections. This may well require the driver's undivided attention. The statute has in mind the unusual stops or change of direction, not to be anticipated by a car approaching from the rear, not those made in obedience to a stop-and-go sign.

The driver of the auto of the defendant Bernice M. Crichton says she could not see the semaphore. We think this unimportant. And if she could not see the semaphore at the center of the street intersection, it may be urged that the extension of the driver's hand would be an unavailing warning.

The requirement that the driver give a signal of his "intention to make such movement at least 50 feet before a stop or turn is to be made" suggests the inapplicability of the statute to an intersection

where traffic is controlled by an automatic device. In such case the driver may not know when 50 feet distant from the crossing whether he will be required to stop, and his stop may necessarily be sudden. We accept the view of the trial court.

It should be said that counsel for the defendants do not urge that a failure to extend the hand is of itself negligence. Their claim is that the question should be submitted to the jury.

■ The separate motions of the defendants for a new trial were denied upon condition that within ten days after notice of the order the plaintiff concerned consent to a reduction in the amount before stated. The orders providing for a reduction were not served upon the plaintiffs. A copy of each order was mailed pursuant to rule 12(c) of the district court rules on December 12, 1932, the date of the orders. More than ten days thereafter, on December 30, 1932, the plaintiffs filed consents to the reduction of the verdicts. The contention of the defendants now is that at that time the orders for a new trial had become absolute because no notice of acceptance of a reduction had been served within the ten-day period.

2 Mason Minn. St. 1927, § 9313, provides among other things:

"When an order or decision is filed, the clerk shall forthwith mail notice thereof to the attorneys of record in such case, but such notice shall not limit the time for taking an appeal or other proceeding on such order or decision."

Rule 12(c) of the district court rules (175 Minn. xli) provides:

"All orders and findings, whether prepared by the judge or by counsel by direction of the judge, shall be typewritten in manifold; and when the original is filed a copy shall be furnished to each attorney or firm of attorneys appearing in the case. The observance of this rule shall not be deemed a substitute for statutory notice of the filing of a decision or order."

Neither the notice given pursuant to rule 12(c) nor one given pursuant to 2 Mason Minn. St. 1927, § 9313, starts running the time within which a consent to a reduction must be filed. Compliance

with rule 12(c) does not excuse noncompliance with § 9313. The provision of § 9313 that the giving of the notice shall not limit the time for taking an appeal or other proceeding under the order is suggestive of the practice that has always obtained of the defendant giving a notice which starts running the time for filing a consent to reduction. The inclusion of the words "or other proceeding" is sufficient.

Judgments affirmed.

LORING, Justice (dissenting).

I dissent in the Benjamin Turnbloom case. There was evidence in the record which would have justified the jury in finding that the Turnbloom car was in such a position in the street that naturally and probably it concealed the semaphore from the drivers of cars to its rear. We are dealing here with the low center type of semaphore, easily obscured by the car nearest it. A stranger to the street might very easily, as in this case, not realize its presence at all when so obscured or hidden.

The driver's conduct must be measured by the circumstances which he creates. Turnbloom says he saw the signal turn against him when he was 100 feet from it. He claims to have made a gradual stop, but there was evidence that he made a very abrupt stop. He had no automatic stop light. With all this distance to go, and he claims not to have exceeded 20 miles an hour, he had ample opportunity to give a signal. Under those circumstances and regardless of our statute, I think it was a question for the jury whether Turnbloom was guilty of contributory negligence in not giving a stop signal. Had such an abrupt stop without a signal been made in front of another car elsewhere in the street I think it would be for the jury to say whether or not it was contributory negligence even in the absence of the statute requiring a stop signal. The statute [1 Mason Minn. St. 1927, § 2720-45] requires a rear view mirror, and it is the driver's duty to give due consideration to traffic to his rear. Under the evidence the jury might have found that Turnbloom was aware of the car in his rear; he said he was. He then had ample opportunity to give a signal; and, if his

position was such as to conceal the stop sign, and there was evidence to that effect, I think it was at least a question for the jury as to whether he should have given it. An arm extended from a car is much more conspicuous than the type of semaphore here involved. Nothing about the stopping of his car prevented his arm signal. A car is stopped with the foot under circumstances such as here shown.

The appellants fairly raise the question of contributory negligence regardless of the statute quoted by the majority, and I think that we should say that the statute is only inapplicable to semaphore stops where it is not practicable to comply with it. The statute applies in other respects to city streets and makes no exception for semaphore intersections. I think we go too far in saying it never applies at such an intersection. In the Benjamin Turnbloom case I think there should be a new trial for error in the charge.

*STONE, Justice* (dissenting).

I concur in the opinion of Mr. Justice Loring.