ANNA HERMAN v. MINNEAPOLIS STREET RAILWAY
COMPANY AND ANOTHER.
EGEKVIST BAKERY, INC., APPELLANT.[1]

No. 30,167.

March 1, 1935.

---

[1]Reported in 259 N. W. 64, 794.

558. 

 

*Robert L. MacPhail* and *Sweet, Johnson & Sands,* for appellant.
*Thomson & Williams,* for respondent.

LORING, JUSTICE.

This case comes here on an appeal by the defendant bakery from an order denying its blended motion for judgment or a new trial after a verdict against it.

The action was brought to recover for personal injuries received while the plaintiff was a passenger on one of the cars of the Minneapolis Street Railway Company. The car was traveling in a northwesterly direction on Fourth street southeast approaching Central avenue in Minneapolis. At that intersection there was a stop-and-go semaphore in the middle of the street. About midway of the block next to Central avenue the bakery's truck, traveling in the same direction as the street car, passed it on its way to Central avenue, where at that time the semaphore indicated "go" for traffic coming from the direction of Fourth street southeast. There was an automobile parked on the right-hand side of Fourth street near the curb. The truck, of course, swung to the left of this car and thus did not leave room enough for the street car to pass it. At that moment the semaphore turned from "go" to "stop" and the truck stopped in obedience to the signal. The street car was then about 20 feet to the rear of the truck, and the motorman brought the street car to a sudden stop about five feet back of the rear of the truck. The plaintiff was then standing in the aisle preparing to leave the car at Central avenue, and the sudden stopping of the street car threw her violently against one of the seats. For the injury so received she brought this action. The jury acquitted the street railway company of any negligence and found a verdict against the bakery as the owner of the truck. The controlling question raised upon this appeal is whether there was any negli-

gence on the part of the driver of the bakery truck which was the proximate cause of the plaintiff's injuries. The bakery, which is the sole appellant here, relies largely upon Turnbloom v. Crichton, 189 Minn. 588, 250 N. W. 570, where there was a rear-end collision between two automobiles approaching a semaphore which turned to "stop" as they were coming up to it. It was there held that a driver stopping for a semaphore does not need to give the statutory signal for stopping; that the statute is not applicable to such a situation. Such a stop may necessarily be sudden. In that case there was a dissent by two justices, but the element which invoked the dissent in that case is not present in the case at bar for in this case it is conceded that the semaphore was in plain view of the motorman and that he saw it change. He was as well advised of the necessity to stop as was the driver of the truck and had no superior right to the street. He saw the yellow light that warned of an approaching change of the signal and estimated that it burned for three-quarters of a minute (obviously an overestimate) before the semaphore changed from "go" to "stop." When this yellow light came on he was about 40 feet back from the building line on Central avenue. Under the conditions as they were as he approached Central avenue, it was necessary for him in the exercise of ordinary care to be ready to make a stop at any time and to make it in such a manner as not to do violence to his passengers. His own estimate of the speed of the street car as it was passed by the truck was ten miles per hour. Going at such a rate of speed it would seem to be unnecessary to make a violent stop, and certainly the driver of a vehicle such as the bakery truck could not anticipate any injury to anyone on the street car by reason of the necessity of making a stop under the conditions outlined. He had as much right to that part of the street upon which lay the tracks of the street car company as did the street car itself. He had a right to assume that street cars would be managed with reference to the prevailing conditions of traffic and that if they be not equipped to make a smooth stop as quickly as a truck they would be managed accordingly. We fail to see any proof of negligence on his part which was the proximate cause of the plaintiff's injury.

560

The order of the trial court denying judgment notwithstanding the verdict is reversed and the case remanded with directions to enter judgment in favor of the defendant bakery.

ON APPLICATION FOR REARGUMENT.

On March 29, 1935, the following opinion was filed:

PER CURIAM.

On motion for rehearing, respondent takes exception to the statement in the opinion that the bakery truck passed the street car "midway of the block." In writing the opinion we were under the impression from the oral argument that this was a short block. There is some evidence tending to show that the street car was but 40 feet from Central avenue when the truck passed it. This does not change our conclusion. The driver, in the exercise of ordinary care, had a right to expect the street car as well as other vehicles to be driven with regard to other traffic and in the expectation that the semaphore might change. There was abundant warning visible to the motorman that it was about to change. Other traffic including street cars must be driven in the expectation that, in response to semaphores, cars ahead may stop.

Rehearing denied.

