Williams, J.
 

 The ordinance upon which plaintiff’s cause of action is predicted is lengthy and need not be recited in.full. It applies to “public vehicles” within which term are included “taxicabs,” “autos for hire,” “driverless autos for hire,” and “funeral cars.” Section 65-lb, Ordinance No. 50-1929. A “driverless auto for hire” is one let for hire to a person who operates it'himself for his own use. (Section 65-le.) Section 65-3 provides for applications for license for public vehicles. The basic section in the instant case is 65-7, which reads:
 

 “No license to operate any public vehicle shall be issued or renewed by the City Treasurer, and it shall be unlawful to operate any such public vehicle, or permit such to be operated, unless and until the applicant shall deposit with the City Treasurer a policy or policies of liability insurance issued by a responsible insurance company, approved as to sufficiency by the City Treasurer, and as to legality by the City Solicitor, providing indemnity for or protection to the insured against loss in the amounts provided for in Section 65-8, 65-9 and 65-10, and agreeing to pay within the limits of the amounts fixed in said sections to any judgment creditor who shall have filed his suit or filed notice of a claim for such loss with the City Treasurer during the license year in which the injury occurred or six months thereafter any final judgment rendered against the insured by reason of the liability of the insured to pay damages to others for bodily injuries,
 
 *611
 
 including death, at any time resulting therefrom, and for damages to or destruction of property sustained during the term of said policy by any person other than employees of the insured, and resulting from negligent operation, maintenance or use of such licensed public vehicles.
 

 “The policy of insurance aforesaid and the bond given in lieu thereof, as hereinafter referred to, shall provide that in case the vehicle is operated, maintained or used with the consent or acquiescence of the owner, by'one other than the owner, his agent or employee, and an injury results to person or property as indicated above, due to the negligent operation, maintenance or use of said vehicle, that the insurer or the obligors in the bond, as the case may be, shall pay to any judgment creditor of said person so maintaining, using or operating said vehicle any final judgment rendered again said person so maintaining, using, or operating said vehicle, provided that said judgment creditor shall have filed his suit, or filed notice of claim for such loss in all respects as is provided for the judgment creditors of the insured in the foregoing paragraph.
 

 “The policy or policies of insurance, and the sureties hereinbefore required, shall be valid and effective for no less a period than that for which the license is issued.
 

 “ (Ordinance No. 50-1929. Passed February 6,1929, effective March 9, 1929.)”
 

 Section 65-8 fixes the extent of liability of the insurer, and Section 65-11 provides for bond in lieu of insurance.
 

 Section 65-47, prescribing penalties, reads as follows: “Any person, firm, or corporation, or any owner, agent, employee, or driver of a public vehicle who violates any of the provisions of this ordinance, or any amendments thereof, for which no other pun
 
 *612
 
 ishment is specified, shall be fined not less than five dollars ($5) nor more than fifty dollars ($50).”
 

 The Municipal Court took judicial notice of this ordinance and the reviewing courts did likewise. While a court of general jurisdiction will not take judicial notice of the ordinances of municipalities, a Municipal Court will notice judicially ordinances of its own particular municipality.
 
 Schulte
 
 v.
 
 Johnson,
 
 106 Ohio St., 359, 140 N. E., 116; 23 Corpus Juris, 137, Section 1960; 15 Ruling Case Law, 1077, Section 16. The ordinance, however, was not incorporated in the bill of exceptions, and the further question arises: May the reviewing courts take judicial notice of it? Where an appellate court tries a cause
 
 de novo
 
 on appeal, there is a conflict of authority on this question. It is not necessary to inquire into that problem as it is not presented. In our opinion the better view is that an appellate court, in reviewing the judgment of a municipay court on questions of law, may take judicial notice of an ordinance of which the municipal court did and was entitled to take notice.
 
 Rafferty, Prosecutor,
 
 v.
 
 Court of Common Pleas of Passaic County,
 
 102 N. J. L., 489, 133 A., 524;
 
 Sidelsky, Prosecutor,
 
 v.
 
 City of Atlantic City,
 
 84 N. J. L., 198, 86 A., 531;
 
 Galen Hall Co.
 
 v
 
 Atlantic City, 76 N.
 
 J. L., 20, 68 A., 1092;
 
 March
 
 v.
 
 Commonwealth,
 
 51 Ky. (12 Monroe), 25.
 

 It would seem to be a cardinal principle that a reviewing court should, in determining whether prejudicial error has been committed, put itself in the position of the trial court and judicially notice what was properly noticed below. The Supreme Court of the United States takes judicial notice of public acts of a state and also of private state' statutes, where the state court does.
 
 Bothwell
 
 v.
 
 Buckbee-Mears Co.,
 
 275 U. S., 274, 279, 48 S. Ct., 124, 125, 72 L. Ed., 277;
 
 Gasquet
 
 v.
 
 Le Peyre,
 
 242 U. S., 367, 371, 37 S. Ct., 165, 167,
 
 *613
 
 61 L. Ed., 367;
 
 Western Life Indemnity Co.
 
 v.
 
 Rupp,
 
 235 U. S., 261, 275, 35 S. Ct., 37, 41, 59 L. Ed., 220;
 
 Hanley
 
 v.
 
 Donoghue,
 
 116 U. S., 1, 6, 6 S. Ct., 242, 29 L. Ed., 535; 15 Ruling Case Law, 1076, Section 15.
 

 In
 
 Hanley
 
 v.
 
 Donoghue, supra,
 
 the court say:
 

 “But in this court, exercising an appellate jurisdiction, whatever was matter of law in the court appealed from is matter of law here and whatever was matter of fact in the court appealed from is matter of fact here.”
 

 An ordinance, like a state statute, is matter or fact, except within the jurisdiction of its adoption. In the. case at bar the ordinance was matter of law in the municipal court and by what transformation it could become matter of fact in the reviewing courts on appeal is not apparent. If it was law in the trial court, it was law in the reviewing courts below; if it was law there, it is law here. Since the courts are presumed to know the law and take notice of it judicially, it is not required that the ordinance be set forth in the record.
 

 In the absence of the ordinance, there would be no liability on the part of the livery garage keeper for injury to another, by the driver operating the hired “driverless” car. At common law the relation of bailor and bailee arises on the rental of the car and the bailor is not liable for the tort of the bailee while driving the vehicle. 36 A. L. R., 1153, Annotation III.
 

 Whether the ordinance changes the rule may be deemed to be a question of novel impression but the absence of precedent does not foreclose the inquiry as to whether a tort has' been committed. See 62 Corpus Juris, 1097, Section 11, where many cases are cited. Since the ordinance was held valid in
 
 Hodge Drive-It-Yourself Co.
 
 v.
 
 City of Cincinnati,
 
 123 Ohio St., 284,
 
 *614
 
 175 N. E., 196 (affirmed 284 U. S., 335, 76 L. Ed., 323), it is only necessary here to interpret and apply it.
 

 The ordinance makes it unlawful to operate a public vehicle (which term includes a “driverless auto for hire”) or permit it to be operated until the applicant for license has deposited with the proper authority and has had approved as required a policy or policies of liability insurance or has given bond in lieu thereof as required. Both the owner and hirer for use acted illegally since no indemnity nor security was given.
 

 An illegal act in violation of a statute or an ordinance may be actionable notwithstanding there is no provision therein which expressly imposes a civil liability. Cases on this principle are collected in 45 Corpus Juris, 714 and 716, Negligence, Sections 99 and 100. In negligence cases violation of provisions passed to promote safety is usually referred to as negligence per
 
 se. Schell
 
 v.
 
 DuBois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664.
 

 A bailment is based 'on a contract, express or implied. Since the contract made was in violation of a valid ordinance, there was no contractual foundation for a bailment. The position of the parties to the pretended contract was that of joint tort-feasors and for the unlawful operation of the car they would be jointly and severally liable. In the last analysis the real problem is one of causal connection between the wrong and the injury.
 

 The principle applicable here is well stated in 1 Thompson on Negligence, 83, Section 82: “The mere fact that the plaintiff, on the one hand, or the defendant on the other, was engaged in violating the law in a given particular at the time of the happening of the accident, will not bar the right of action of the former, nor make the latter liable to pay damages,
 
 *615
 
 unless such violation of law was an efficient cause of the injury.”
 

 There is a line of cases that holds where a motor vehicle is not registered or its driver is not licensed as required by statute, the owner or operator may not be charged with liability for the operation of the vehicle illegally where the unlawful act has no causal connection with the injury.
 

 This rule seems to be supported by the weight of authority. See 87 A. L. R., 1473, annotation III and earlier annotations therein referred to.
 

 There is another line of cases which supports the theory of liability of the owner or operator of an unregistered car on the ground that the vehicle is a nuisance on the highway and its driver a trespasser and an outlaw. This is commonly called the Massachusetts rule. See annotation
 
 supra
 
 for authorities.
 

 It has been held that a minor operating a car in violation of a statute is not a trespasser on the highway in the sense that he is precluded from recovery for injuries sustained.
 
 Corbett
 
 v.
 
 Scott,
 
 243 N. Y., 66, 152 N. E., 467, 46 A. L. R., 1064.
 

 This court is unwilling to adopt the rule that defendant was a trespasser and an outlaw upon the highway and its automobile a nuisance. The application of such a principle could make the owner of the rented car liable for any damage caused by its operation regardless of the care, caution and prudence of the operator. The ordinance did not relate to the rules of the road, or manner of operation. It was not a safety but an indemnity measure. Under the circumstances, there was no direct causal connection.between the wrong and the injury.
 

 This court is aware of the case of
 
 Neff Lumber Co.
 
 v.
 
 First Natl. Bank of St. Clairsville, Admr., 122
 
 Ohio St., 302, 171 N. E., 327; but that action was based upon
 
 *616
 
 a statute which made the seller of an explosive gun liable in damages to any person injured by a sale in violation thereof. "What" is said in the
 
 Neff Lumber Company case
 
 regarding the doctrine of causation is not applicable here.
 

 It may be suggested critically that under the principles laid down in the case at bar, the defendant may violate the provisions of the ordinance with impunity so far as civil liability is concerned. The answer is that the remedy is legislative and not judicial. The ordinance itself imposes no civil liability for noncompliance. A statute imposing upon the owner of a motor vehicle liability for an injury occasioned by its negligent operation where it is driven by the express or implied consent or knowledge of the owner has been held valid.
 
 Stapleton
 
 v.
 
 Independent Brewery Co.,
 
 198 Mich., 170, 164 N. W., 520, L. A. R. 1918A, 916.
 

 However, such a provision, if incorporated in the ordinance might or might not be valid; upon that question this court does not pass, as it is not here. To affirm the judgment and establish the doctrine that a liability arises from the state of facts presented, would be to engage in judicial legislation. It is not our province to supply language not in the ordinance.
 

 The recovery of a judgment for damages, in the former action brought by Oróse against Dunn was shown in the record. Of course, plaintiff had no right of action against The Hodge Drive-It-Yourself Company based on the judgment against Dunn; and this court regards that judgment as immaterial in the instant case.
 

 The action of the trial court in dismissing plaintiff’s bill of particulars and rendering judgment for the defendant was not erroneous, the affirmance in the Court of Common Pleas was warranted, and the reversal by the Court of Appeals prejudicially erroneous.
 

 
 *617
 
 The judgment of the Court of Appeals is therefore reversed and the judgments of the Municipal Court and Court of Common Pleas are affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman and Myers, JJ., concur.
 

 Jones, Matthias and Day, JJ., concur in paragraphs one and three of the syllabus and in the judgment, but dissent from paragraph two of the syllabus.