**MILLER, Plaintiff-Appellant, v. JOHNSON et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4909.   Decided April 2, 1953.

Marion A. Ross, Columbus, for plaintiff-appellant.
Hamilton & Kramer, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

Submitted on motion of Robert E. Johnson. defendant-appellee, seeking an order dismissing the appeal for failure to file assignments of error and brief in accordance with Rule VII of this Court. The appeal is noted as one on law and fact. Said Rule, with reference to the time of filing of assignments of error and brief, has application to law appeals only, hence the motion is not well taken. We note the action is one for damages resulting from the collision ot two automobiles. This, not being a chancery case. is not appealable on law and fact. The Court, on its own motion, will dismiss the law and fact appeal and order the same retained for determination on questions of law only. **Secs. 11564 and 12223-22**

GC. The appellant will be granted leave to perfect said appeal in accordance with Supplement to Rule VII.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

No. 4909.   Decided November 2, 1953.

## OPINION

By MILLER, J.

This is a law appeal and cross-appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury. The action was one for damages arising out of a collision between two automobiles in the village of South Charleston on state route No. 42, both of which were proceeding in a westerly direction. The second amended petition sets forth two separate causes of action, one for personal injuries and the other for damages to property. The defendants were charged with negligence in the following respects:

(1) In swerving suddenly and without warning from the curb lane into the passing lane in which plaintiff was then operating his automobile.

(2) In failing to give a hand or light signal, or sound his horn or give any other warning of defendants' intention to move into plaintiff's lane.

(3) In failing to keep a lookout for cars approaching from the rear, or passing at the side and to the front, either by turning and looking, or by use of a rear-vision mirror.

(4) In failing to yield the right of way to plaintiff.

A general verdict was returned in favor of the plaintiff for the sum of $37.73 and for which a judgment was rendered. The plaintiff filed a motion for a new trial and the defendant filed sundry motions for judgment, all of which were overruled.

The first three errors assigned by the plaintiff relate to the improper admission and rejection of evidence and testimony, none of which we find to be well grounded.

The fourth error assigned urges that the Court should have given special charges Nos. 1, 2, 3 and 4 requested by the plaintiff, before argument. Each of these was on the question of negligence of the defendant as a matter of law. It is quite obvious that the failure to give the requested charges could not have been prejudicial as the verdict was in favor of the plaintiff and was grounded upon the negligence of the defendant, Robert E. Johnson, Louise E. Johnson having been previously dismissed from the action.

The fifth error assigned urges that the Court improperly charged the jury on contributory negligence. This question was not prejudicial to the plaintiff for the verdict indicates that the jury found that the plaintiff was not guilty of the same; otherwise, the verdict would have been in favor of the defendant on both causes of action. Counsel for the plaintiff concedes in his brief that the major error assigned is that the verdict is against the manifest weight of the evidence; that the sum awarded is grossly inadequate. The record

reflects that the collision occurred in the latter part of April, 1949, at which time the plaintiff received a slight bump on the head; that on July 4th of that year the plaintiff suffered a cerebral thrombosis from which there has been no recovery. Whether or not there was a causal connection between the head injury and the thrombosis attack on July 4th was a factual question, the burden of the proof of same being upon the plaintiff. We are of the opinion the verdict is clearly inadequate, if the plaintiff's ill health resulted from the collision, but on the other hand it is adequate if the only damages the plaintiff suffered were those to his automobile. The verdict here is general and must be sustained unless it is clearly inconsistent with any theory provable under the issues and which the evidence tends to support. 2. O. Jur. (Appellate Review) Pt. 2, p. 1049. We find the verdict is consistent with the provable theory that the only damages suffered by the plaintiff were those to his automobile. The question, therefore, arises whether or not from the evidence presented the jury should have found in favor of the plaintiff for his subsequent thrombosis attack. The record reveals there was a conflict in the testimony on this question and it was within the province of the jury to make this determination. It discloses that the plaintiff stated immediately after the accident that he was not injured; that approximately one month later his attorney wrote a letter to the defendant in which only property damages were claimed; that Dr. Abbott attended the plaintiff, qualified as an expert and testified in chief that it was his opinion the cerebral thrombosis was caused by the head injury received in the accident. However, on cross-examination he testified that plaintiff's condition could have occurred without trauma or personal injury of any kind. The gist of his testimony was that in his opinion there was a causal connection between the plaintiff's head injury and the cerebral thrombosis, although there may have been other causes; that such a condition often occurs while one is asleep, reading or walking. There was no further medical testimony offered.

The defendant offered evidence tending to establish the fact that the plaintiff pursued his regular course of business of traveling by means of automobile from the time of the accident up to the following July 2nd. By resolving every reasonable intendment in favor of the verdict, which we are required to do, we cannot say that it is against the manifest weight of the evidence. Where the evidence is susceptible of more than one construction a reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment. **Industrial Commission v. Runyan, 16 Abs 418.**

We find no error in the record prejudicial to the rights of the plaintiff-appellant.

We shall next give consideration to the cross-appeal of the defendant who urges that the Court erred in not sustaining his various motions, to wit:

1. Motion to direct a verdict in defendant's favor at the close of all of the evidence.

2. Motion for a judgment on the special findings of fact found by the jury.

3. Motion for a judgment notwithstanding the verdict of the jury.

The record discloses that the following interrogatories were submitted to the jury, which we quote together with the answers:

"Q. No. 1. Do you find that the actual impact between the automobile of plaintiff and the automobile of defendant occurred at the intersection of route 42 and Williams Street?

"A. No.

"Q. No. 2. If your answer to question No. 1 is 'No,' then did the impact occur within 100 feet of the Williams Street and route 42 intersection?

"A. Yes."

It is the defendant's contention that since the jury found the impact between the two automobiles occurred within 100 feet of the intersection of route 42 and Williams Street, that there was clearly a violation of §6307-30(a)3 GC. This section provides:

"(a) No vehicle or trackless trolley shall, in overtaking and passing traffic, or at any other time, be driven to the left of the center or center line of the roadway under the following conditions:

  *    *    *    *

"3. When approaching within one hundred feet of or traversing any intersection or railroad grade crossing, unless compliance with this section is impossible because of insufficient roadway space."

It will be noted that the interrogatory does not state that the plaintiff was to the left of the center of the street at the time of the impact. Our examination of the record discloses that there was a conflict in the testimony as to the position of the plaintiff's car with reference to the side of the street at this time. There was evidence supporting the plaintiff's theory that his car was to the right of the center, and there was very strong evidence supporting the defendant's theory that the plaintiff's car was to the left of the center. The position of the plaintiff's car at the time of the impact

**518**

was a factual question which we may not determine. Therefore, we cannot say there was a violation of the aforesaid cited section of the Code. The trial court did not err in overruling the various motions submitted by the defendant.

Finding no error in the record, the judgment will be affirmed.

WISEMAN, PJ, HORNBECK, J, concur.