McDONNEL, Appellant v. LAKINGS, Respondent

(99 N.W.2d 799)

(File No. 9785. Opinion filed December 9, 1959)

Rehearing denied January 8, 1960.

Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for Plaintiff and Appellant.

John B. Shultz of Woods, Fuller, Shultz & Smith, Sioux Falls, for Defendant and Respondent.

BIEGELMEIER, J.  Plaintiff sued for injuries received when he stopped his 1955 Plymouth at a stop light on West 12th Street in Sioux Falls and the rear of his auto was hit by a truck driven by defendant. The jury returned a verdict for plaintiff for $4,500 on which the trial court entered judgment. Plaintiff made a motion for a new trial which was denied and appeals from this order and the judgment.

Plaintiff contends that the trial court erred in submitting an instruction to the jury as to plaintiff's contributory negligence. Defendant testified that on the day of the collision the weather was nice, the street was dry, he was driving his truck from 15 to 18 miles per hour about 30 ft. behind plaintiff's auto; he could stop within 20 or 25 ft.; he had observed the traffic lights there on previous occasions and this light in the block ahead; he usually traveled and was familiar with this street; knew how the traffic lights changed and admitted under the circumstances that he was too close to plaintiff's car and was not able to stop within the distance he was following it. Photographs showed that the road was paved and while there was a slight decline from the west to the east, the road was nearly level at the intersection; there was a sign a block east reading "Traffic Signals Ahead"; the area appeared to be a business area. With this background the testimony of the plaintiff was that the light changed from green to red when he was about 50 ft. from the intersection; he did not know whether there was an amber right between these changes (other evidence indicated the amber light may not have been operating); his car was equipped with brake lights and that he was stopped about five seconds when his car was hit by defendant's truck. Defendant further

testified that while his mind was rather vague on it the plaintiff's car stopped with, not a slow stop or a fast stop but a medium stop, the front of plaintiff's car being even with the east gutter of the intersecting street. He then testified:

> "Q. Was the car in motion or was it at a complete stop at the time the actual impact or collision took place between your vehicle and the Plymouth? A. I might be wrong, but it appeared to me at that time that we met that he was on kind of a backward motion."

Defendant's witness, Trantina, standing at the front door of his business building testified that the plaintiff's car stopped partly over the crosswalk; that after it stopped plaintiff's car moved backward "but I believe his car was standing still at the time of the accident." Defendant claims, among other things, that plaintiff did not signal his intention to stop and thus the matter of contributory negligence was properly submitted to the jury. Ch. 170, Laws of 1955 then in effect provided in part:

> "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway * * *".

It was the duty of both parties to have their motor vehicles under reasonable control, to properly obey signals and be prepared to stop at the intersecting street if so indicated by the red stop light. Zandras v. Moffett, 286 Pa. 477, 133 A. 817, 819, 47 A.L.R. 699, 703. There the court said:

> "It was the duty of the driver to use reasonable care, and so regulate his car as to prevent a rear end collision with the one which was moving in front of him. (Citations) Though no special warning was here given by the person in advance, the one in the rear saw that the car had come to a stop, and this was observed while 10 or 15 feet still intervened. He was approaching a street crossing,

and was bound to have his vehicle under such command that the same could be brought to a stand at the slightest sign of danger. (Citations) Approaching an intersecting street, where he knew, or should have known, the signals might require him to come to a sudden stop, he was under the obligation to diligently look for the directions which might be given. The car of defendant had been moving in front of him, distant at least 10 feet, and he was aware that it also would cease moving on the south side of Brown street if signalled. It did so, but the truck was not under such control to enable its driver to do likewise."

It was not duty of the plaintiff to make the observations or signal as provided in SDC Supp. 44.0317 that he was going to stop for the stop sign; Turnbloom v. Crichton, 189 Minn. 588, 250 N.W. 570; Herman v. Mpls. St. Ry. Co., 193 Minn. 557, 259 N.W. 64, 794; see also Christensen v. Hennepin Transp. Co., 215 Minn. 394, 10 N.W.2d 406, 147 A.L.R. 945. These cases were decided under a statute similar to our SDC Supp. 44.0317. It was the duty of the plaintiff to stop and it was the duty of the defendant to so operate his vehicle and to have it under such control as to be able to conform to the stop sign and stop a sufficient distance behind plaintiff's car so as to avoid a rear end collision. We do not say that it is not required to give a signal under some circumstances such as where the driver of the preceding car suddenly stops in the center of the intersection, Christensen v. Hennepin Transp. Co., supra, or on a highway as in Dippert v. Sohl, 74 S.D. 236, 51 N.W.2d 699, 29 A.L.R.2d 1. But that is not the case here. It is no answer that plaintiff had driven partly over the crosswalk, which plaintiff denied, but assuming this to be true, defendant was bound to have his truck under such control that he could stop in obedience to the red stop light to the rear of plaintiff's car if plaintiff's car had stopped even farther to the east so as to be even with the crosswalk or sidewalk. Defendant's statement that plaintiff's car was in kind of a backward motion is of no legal consequence in view of the testimony of defendant's witness Trantina that

plaintiff's car was stopped at the time of the impact and defendant's admission that he was too close to plaintiff's car and was unable to stop his truck within the distance he was behind it; there is no evidence as to the distance of this claimed "kind of backward motion" or that it in any way contributed to the collision. The situation here, except for the wet pavement was similar to that in Ceeder v. Kowach, 17 Ill.App.2d 202, 149 N.E.2d 766, 767, where plaintiff stopped his car for a red light at the intersection and defendant's car skidded on the wet pavement and a collision resulted; defendant contended the question of his negligence was for the jury. The court said:

"We think defendant was guilty of negligence as a matter of law since it is our opinion that he should have foreseen that plaintiff would probably have to apply his brakes; that his car would probably skid on the wet pavement if the brakes were applied too suddenly; and that if he were going too fast or was not far enough behind he would collide with plaintiff's car. The fact that his car skidded into plaintiff's car, even though the pavement was wet, leaves room for no other inference, we think, except that under the circumstances defendant 'was driving too fast or following * * * too closely.' * * * On the facts in the case, as we have already indicated, there was nothing to support a theory that the occurrence was unavoidable by defendant or that there was any question of plaintiff's fault." Here the defendant did not have to reckon with a skid hazard.

■■ It was error for the court to give this instruction. Considered alone, it was error without prejudice to plaintiff, the jury having returned a verdict in his favor. Hodkinson v. Parker, 70 S.D. 272, 16 N.W.2d 924; Brown v. Gessler, 191 Or. 503, 230 P.2d 541, 23 A.L.R.2d 815; Cox v. Nix, 87 Ga.App. 837, 75 S.E.2d 331; Hedges v. Griffith, Ohio App., 69 N.E.2d 546; Miller v. Johnson, Ohio App., 123 N.E.2d 61. However, the trial court, under the com-

parative negligence statute, (SDC Supp. 47.0304-1) then instructed the jury that if it found the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison therewith, it could return a verdict for plaintiff, reducing his damages in the proportion it found his negligence contributed to or caused such damage. Plaintiff excepted to this instruction for the reason there was nothing to compare and other reasons set out in detail in the record; plaintiff also assigns as error and claims that the verdict is grossly inadequate, given under the influence of passion or prejudice. The medical evidence was in dispute and defendant contends the jury could have decided that most of the injury claimed by plaintiff was not related to or caused by the accident and if so, the jury made a substantial award. In his brief defendant admits, as he must, that the jury's verdict could have been based on the comparison of negligence theory or the disputed medical testimony. The evidence shows that the collision occurred solely as a result of the negligence of the defendant and that plaintiff was free of negligence. The jury, by this instruction, was permitted to apply this method of computing, and reducing, plaintiff's damages and it cannot be determined how much, if any, the jury did reduce its award under this instruction. These matters were brought to the trial court's attention in detail in plaintiff's motion for a new trial; the giving of this instruction was prejudicial error and for that reason there must be a new trial. Having arrived at this conclusion, it is unnecessary to consider plaintiff's further contention that the verdict is grossly inadequate.

■ A city ordinance of Sioux Falls printed in appellant's brief not offered or received in evidence at the trial has not been considered as this court on appeal will not take judicial notice of it in actions commenced in circuit courts. Brannon v. Perkey, 127 W.Va. 103, 31 S.E.2d 898, 158 A.L.R. 631; Cerwonka v. Town of Saugus, 316 Mass. 152, 55 N.E.2d 1; 20 Am.Jur., Evidence, § 37. This court in the case of City of Millbank v. Cronlokken, 29 S.D. 46, 135 N.W. 711, Ann.Cas. 1914C 1231, held that in a pro-

secution for violating a city ordinance before a city justice, where the defendant is convicted and an appeal is taken to the circuit court for a trial de novo, the circuit court may take judicial notice of such ordinance; the reason given is that the circuit court is, for the time being, substituted for the justice court, which is bound to take such judicial notice. But in City of Arlington v. Butler, 59 S.D. 443, 240 N.W. 496, the court was unwilling to extend this doctrine to a case where the appeal was from the justice court to the circuit court on questions of law only, for there the circuit court acted as a reviewing court. This court quoted from Steiner v. State, 78 Neb. 147, 110 N. W.723, at page 724 as follows:

> "This court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment, or repeal. A party relying upon such matters must * * * in some manner present them as a part of the record."

See Orose v. Hodge Drive-It-Yourself Co., 132 Ohio St. 607, 9 N.E.2d 671, 111 A.L.R. 954 and note; State v. Duranleau, 99 N.H. 30, 104 A.2d 519, 45 A.L.R.2d 1166. SDC 36.0701 provides for the admissibility in evidence of ordinances, not for judicial notice thereof. Cf. Christensen v. Hennepin Transp. Co., supra.

■ Plaintiff urges that the trial court erred in limiting his voir dire examination of prospective jurors as to their interest in and connection with corporations, insurance business and companies. This has been before the court several times. Jacobson v. Coady, 77 S.D. 1, 84 N.W.2d 1; Bartlett v. Gregg, 77 S.D. 406, 92 N.W.2d 654. The record indicates that the trial court permitted considerable latitude in the examination of the jury panel, including, where pertinent, questions as to their membership in the defendant's carrier, a mutual insurance company and excused one person found to be such member. No abuse of discretion is shown in this respect.

The judgment and order appealed from are reversed.

All the Judges concur.