Kathryn Moore GALT, Plaintiff in Error,

v.

Ruth BAIRD, Defendant in Error.

No. 38953.

Supreme Court of Oklahoma.

Sept. 13, 1961.

904

Rex H. Holden, Oklahoma City, for plaintiff in error.

Milton R. Elliott, Oklahoma City, for defendant in error.

PER CURIAM.

The parties are referred to as they appeared in the trial court.

Plaintiff, Ruth Baird, was a passenger in a car being driven by her husband. They were in a line of heavy traffic going north on South Walker Street in Oklahoma City, and according to the plaintiff, had stopped at a traffic light when their car was struck from the rear by a car driven by defendant, Kathryn Moore Galt. Plaintiff sued for resulting damages; trial was had to a jury, and the verdict and judgment were for defendant. Thereafter, plaintiff's motion for new trial was sustained, and defendant appeals.

The motion for new trial was sustained because of the giving of an inapplicable instruction, and the single proposition argued on appeal is that the instruction was applicable and proper under the circumstances.

The instruction concerned set out verbatim a section of a certain Oklahoma City ordinance providing that when a driver is about to stop or turn, he shall "within fifty (50) feet before doing so, signify his intention by making one of the following signals: * * * (3) For a stop such driver shall extend his left arm outward and downward at full length from his body at an angle of 45 degrees".

Also given was an instruction that negligence of the driver of plaintiff's car could not be imputed to plaintiff; however, since one of the defenses pleaded was that the accident was due solely to the negligence of the driver of plaintiff's car, the instruction quoting the section of the ordinance would have been applicable, if proper under the evidence in this case.

The use of mechanical stop or turn signals on automobiles is authorized by the terms of an Oklahoma City ordinance pleaded by plaintiff in her reply, but not given in any instruction in this case.

Both plaintiff and defendant interpret the section of the ordinance partially quoted above as requiring that an arm stop signal be given *continuously* for 50 feet before stopping.

Defendant's contention is that since no arm signal at all was given, and a mechanical signal was given for only the last 6 or 7 feet, the ordinance was plainly applicable in this case, and was admittedly violated by plaintiff's husband; that therefore the instruction was proper and the motion for new trial should have been denied.

Plaintiff's position is that the ordinance is not applicable to a driver stopping for a traffic signal stop light.

Although this precise question has apparently not come before this court before, very similar questions have been considered in other states. In the case of Turnbloom v. Crichton, 189 Minn. 588, 250 N.W. 570, the Minnesota Supreme Court held in the first paragraph of the syllabus, as follows:

"The requirement of the Uniform Highway Traffic Act, 1 Mason Minn.

St., 1927, § 2720–17, that the driver of an auto extend his left hand before he stops, does not apply to his stopping in obedience to the direction of a semaphore at the intersection of streets."

In the body of the opinion, the court said:

"In such case the driver may not know when 50 feet distant from the crossing whether he will be required to stop, and his stop may necessarily be sudden. * * *."

In Christensen v. Hennepin Transp. Co., 215 Minn. 394, 10 N.W.2d 406, 410, 147 A.L.R. 945, a substantially similar case, the Supreme Court of Minnesota said in the body of the opinion:

"* * * By the use of a traffic control device, public authority undertakes to give all signals for the movement of traffic, thereby dispensing with signals by drivers, which, absent such regulation, they otherwise are required by statute to give. * * *."

The line of reasoning in the Minnesota cases was approved and followed in 1960 by the Supreme Court of South Dakota in McDonnel v. Lakings, 99 N.W.2d 799. See also 60 C.J.S. Motor Vehicles § 301, where it is said:

"* * * Where a motorist stops at an intersection line pursuant to a 'stop' signal, he is not required to give any signal before he stops, although a signal might otherwise be required of him."

Defendant (plaintiff in error) cites several cases correctly stating the general rule that where a new trial is granted for the giving of an erroneous instruction, and the instruction as given was actually correct, the granting of the new trial is error and is a pure and unmixed question of law, and the order granting new trial will be reversed.

This rule is not applicable here unless the instruction complained of was actually correct and applicable as given.

She also cites Wilson v. Shawnee Milling Company, Okl., 292 P.2d 147, Rose v. Port-

land Traction Co., 219 Or. 1, 341 P.2d 125, 346 P.2d 375, and other cases in which traffic accidents were involved. However, none of them has to do with a situation where the leading vehicle is stopping in obedience to a traffic signal light, and they are therefore of no assistance here.

We believe the holding of the Minnesota Supreme Court in Turnbloom v. Crichton, supra, is in accord with sound reasoning and common sense. Any other interpretation of such rules would frequently lead to impossible or dangerous situations.

■ We therefore hold that the Oklahoma City ordinance concerned was not applicable in the case before us, and it necessarily follows that the instruction including it was erroneous.

The evidence of the defendant was that the accident happened after the line of heavy traffic had stopped in response to the red light, and after the light had changed to green and all cars had started edging forward again, at which time plaintiff's car suddenly stopped and was hit by defendant's car. We do not believe it was the intent of the legislative authority in passing the ordinance concerned to require a driver in a line of congested traffic, moving slowly in a downtown area, to give a continuous stop signal for fifty feet before stopping, where several stops might be required within a distance of fifty feet.

■ Since both parties agree in their briefs that the jury's verdict for defendant was probably based upon a finding that plaintiff's husband was negligent in violating the ordinance, the trial court's conclusion at the hearing on the motion for new trial that the erroneous instruction prevented plaintiff from having a fair trial was correct. In such case, a new trial should be granted. Rein v. Patton, 208 Okl. 442, 257 P.2d 280.

■ In her brief on appeal, plaintiff (defendant in error) alleges that the trial court erred in not sustaining her motion for directed verdict, at least to the extent of directing the jury that the defendant was liable, leaving only the amount of damages to the jury.

However, plaintiff did not appeal from the trial court's judgment in granting a new trial, and we therefore cannot consider such alleged error. Cole et al. v. Anderson, Okl., 304 P.2d 295.

The judgment of the trial court is affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.